Angie **CUNNINGHAM**, as Widow and Administratrix of the Estate of Frank J. Cunningham, deceased, et al., Plaintiffs,

v.

**BETHLEHEM STEEL CO.** and Texas Gulf Sulphur Company, Defendants.

United States District Court
S. D. New York.
July 28, 1964.

Schwartz and O'Connell, New York City, for plaintiffs, Donald E. Klein, New York City, of counsel.

Standard, Weisberg & Harolds, New York City, for proctors' committee for claimants and plaintiffs, Louis R. Harolds, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant Bethlehem Steel Co., Harold R. Medina, Jr., Victor M. Earle, III, and Robert E. Bouma, New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, for defendant Texas Gulf Sulphur Co., John A. Sullivan and Ian R. MacLeod, New York City, of counsel.

METZNER, District Judge.

Defendant Texas Gulf Sulphur moves to dismiss the complaint pursuant to rule 12(b) (1) for lack of jurisdiction of the subject matter and pursuant to rule 12(b) (6) for failure to state a claim upon which relief can be granted. The plaintiffs have cross-moved to remand the action to the state court pursuant to 28 U.S.C. § 1447(c).

The action has been instituted by five representatives of the estates of five crewmen who were lost when the vessel SS. Marine Sulphur Queen disappeared at sea in February 1963.[1]

The first cause of action seeks relief by virtue of the Death on the High Seas Act and the wrongful death statutes of Texas, Pennsylvania, Maryland and Delaware. The second cause of action seeks relief by virtue of the survival statutes of these states. The complaint alleges claims based on theories of negligence, unseaworthiness, and inherently dangerous cargo.

The action was originally brought in the state court. Diversity was lacking since three of the plaintiffs had been appointed as administratrices in Texas, the state of incorporation of Texas Gulf Sulphur. The action was removed to this court on application of the defendants. The asserted ground for removal was that this court has original jurisdiction of the action by virtue of 28 U.S.C. § 1331 (a) because it is predicated upon a federal statute, to wit, the Death on the High Seas Act, 46 U.S.C. § 761 et seq.

The litigation is in its early stages, and the great problem in disposing of these motions is trying to ascertain exactly where the vessel sank. All that is known is that the vessel left Beaumont, Texas, in the early afternoon of February 2nd, 1963, en route to Norfolk, Virginia.

 If the alleged wrongful act occurred beyond a marine league, the Death on the High Seas Act would apply. 46 U.S.C. § 761. If the alleged wrongful act occurred within a marine league, then the appropriate state's wrongful death statute would apply. Because of the present lack of knowledge as to the exact place of sinking, plaintiffs have asserted both grounds for recovery.

 When the case was removed to this court, the clerk assigned it a civil docket number. The defendant is not estopped from raising the question of

---

1. Four other groups of plaintiffs have instituted actions on the civil side of this court, and one representative has filed a libel on the admiralty side. Each of these has been attacked by Texas Gulf Sulphur in companion motions. In addition, limitation and/or exoneration of liability proceedings were instituted by the owner of the vessel and the bareboat charterer, in which all plaintiffs have filed claims and impleaded Texas Gulf Sulphur. Texas Gulf Sulphur has filed exceptions to the impleading petitions which are the subject of another group of motions.

jurisdiction because it removed the case to this court. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 16–18, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Defendant contends that the civil side of this court lacks subject matter jurisdiction. This is true both as to claims based on the Death on the High Seas Act and state wrongful death and survival statutes.

■■ An action predicated upon the Death on the High Seas Act is exclusively within the jurisdiction of the admiralty side of the federal district court. Noel v. Linea Aeropostal Venezolana, 247 F.2d 677, 66 A.L.R.2d 997 (2d Cir.), cert. denied, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957); Higa v. Transocean Airlines, 230 F.2d 780 (9th Cir. 1956); Wilson v. Transocean Airlines, 121 F.Supp. 85 (N.D.Cal.1954). Actions relying on state wrongful death and survival statutes are maritime torts not within the contemplation of 28 U.S.C. § 1331 (federal question jurisdiction), and are not cognizable on the civil side of the court absent independent jurisdiction based on diversity. Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Jurisdiction of such claims is lodged in admiralty and in the state courts.

■■ The court has not overlooked the statement in Romero, supra, at 371–372 (see also p. 363), that cases within the saving to suitors clause (28 U.S.C. § 1333(1)) brought in the state court are not removable. But 28 U.S.C. § 1441(c) permits removal of such cases if joined with one normally removable if sued upon alone. Because of the peculiar fact situation here, and with numerous other cases involving the same loss pending in this court, the expeditious and effective administration of judicial business does not justify remand at this time of that portion of the claim to the state court, and 28 U.S.C. § 1447(c)[2] does not require such a determination now.

In Wilson v. Transocean Airlines, supra, where the action was founded upon the Death on the High Seas Act and subject matter jurisdiction was lacking on the civil side of the court, the court dismissed the action without prejudice to the filing of a new suit in admiralty. This result is based on the theory that jurisdiction under the removal statute is derivative, and if jurisdiction was lacking in the state court it is not cured by removal to the federal court having jurisdiction. General Investment Co. v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922). While such position is logically defensible, it does not aid practical judicial administration. 1A Moore, Federal Practice 86 (2d ed. 1961). I am of the opinion that the most expedient handling of this situation was devised by Judge Cooper in Devlin v. Flying Tiger Lines, Inc., 220 F.Supp. 924 (S.D.N.Y.1963), where he transferred the existing action to the admiralty side of the court.

This disposition does not in any way result in a finding of fact that the Marine Sulphur Queen sank more than a marine league offshore. The court has not considered the affidavit submitted on behalf of the defendant on this motion, to the effect that on prior voyages the vessel did not come within a marine league of shore. The issue as to where the act occurred will obviously be a crucial one on the trial. Upon the completion of the pretrial procedures the court will be in a much better position to resolve this issue, and certainly it cannot be resolved on the referred to affidavit. Plaintiffs should not lose their right to a jury trial on the alternative grounds for relief if such grounds become available to them. If the court finds that the Death on the High Seas Act is inapplicable, it may remand at that time, or it may afford the plaintiffs a jury trial on their saving to suitors clause claims. 28 U.S.C. §§ 1441(c) and 1447(c); Fitzgerald v. United States Lines Co., 374 U.S. 16, 20, 83

2. "(c) *If at any time before final judgment* it appears that the case was removed improvidently and without juris-

diction, the district court shall remand the case, and may order the payment of just costs." (Emphasis supplied.)

S.Ct. 1646, 10 L.Ed.2d 720 (1963); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). For the method of disposition of a similar problem, see First Nat. Bank in Greenwich v. National Airlines, 288 F.2d 621 (2d Cir.), cert. denied sub. nom. Kessler, Adm'r v. National Airlines, 368 U.S. 859, 82 S.Ct. 102, 7 L.Ed.2d 57 (1961).

We will now treat of defendant's contention that the complaint must be dismissed for failure to state a claim. The claims seeking recovery on the ground that the cargo owner owed a duty to supply a seaworthy cargo to the crewmen of the vessel must be dismissed. Nowhere have we been cited to any authority which would indicate that there is such a duty upon the cargo owner. The recent Supreme Court case, Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964), upon which plaintiffs place much store, held that a stevedoring company's implied warranty of workmanlike service to the shipowner is breached even when it has nonnegligently supplied defective equipment which injures one of its employees during the course of stevedoring operations. This case cannot be read to have placed a duty of seaworthiness on the cargo owner.

The pleadings are also attacked on the ground that a claim for relief based upon negligence and inherently dangerous cargo has been defectively pleaded. The pleading is sufficient under the rules of the federal system. Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944).

As to the pleading of state survival statutes, since so few of the facts are known, this court will not attempt to determine the applicable law, but will leave the conflict of laws problems for resolution at trial. At this point all that need be said is that state survival statutes are applicable whether the vessel was lost within the three-mile limit (Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (1921);

Day, Maritime Wrongful Death and Survival Recovery: The Need for Legislative Reform, 64 Colum.L.Rev. 648, 669 (1964)) or outside the three-mile limit (Abbott v. United States, 207 F.Supp. 468 (S.D.N.Y.1962)). The choice of the appropriate statute must await further knowledge of the facts. The state survival statutes thus are well pleaded as giving notice of a claim for pain and suffering under the appropriate law. Indeed, the trial court will be bound to judicially notice the appropriate state survival statute, Newman v. Clayton F. Summy Co., 133 F.2d 465 (2d Cir. 1942); 1A Moore, Federal Practice, supra, at 3524, and to determine at that time whether a cause of action has been stated.

Motion and cross-motion disposed of in accordance with the above opinion. The case is transferred to the admiralty docket. Settle order.