212 So.2d 915 (1968)
INDIAN LAKE CLUB, a Non-Profit Corporation, et al., Appellants,
v.
Reginald G. HAINSWORTH and Ruth P. Hainsworth, His Wife, et al., Appellees.
No. 67-261.
District Court of Appeal of Florida. Second District.
July 31, 1968.
J. Rex Farrior, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, and John F. Wendel of Wendel & Schott, Lakeland, for appellants.
Joe R. Young, Jr., A.J. Barranco, Jr., of Bradley, Johnson, Nelson & Young, Lake Wales, for appellees.
MANN, Judge.
Indian Lake Club is a Florida corporation not for profit. Indian Lake Estates is a land development, owners of lots in which *916 reside in Florida and elsewhere, principally in the area of Washington, D.C. The lot owners' interest in the development of useful facilities at Indian Lake Estates and, more recently, the preservation of their investment finds expression through the Club. There has been litigation both here and in the District of Columbia. In 1964, incident to the settlement of litigation in Florida, a fund of $100,000.00 was created to be expended by the Club for improvements and maintenance at Indian Lake Estates. Later litigation in the District of Columbia terminated in a settlement agreement in which appellant T.L. Goff and Florence McGee, president and secretary-treasurer respectively of the Club, transferred $55,000.00 from the fund to themselves as trustees. This suit was brought in Florida to preserve the original fund out of which the trust was created.
The partial record brought before us does not disclose whether the complaint was later amended to include Goff and McGee in their capacity as trustees. Both are essential parties. Nor does the record disclose whether decree pro confesso was entered against Mrs. McGee, a nonresident served under Section 48.181, Florida Statutes (1967), F.S.A. but who never appeared. Some papers included in the record on appeal suggest that the matter was treated as if the complaint had been amended and a proper decree pro confesso had been entered against Mrs. McGee. Others suggest that the case proceeded as if she were not a necessary party. If the appellees had been justified in proceeding ex parte against an indispensable party over whom the court had jurisdiction they should have supplemented the record to show the validity of the proceedings, following the procedure specified in Rule 3.6, subd. d(1), 32 F.S.A. We cannot, on the record before us, affirm the final decree and hence cannot determine the correctness of the fees awarded appellee's attorneys. They may ultimately be entitled to a fee for preserving a trust fund. Universal Construction Co. v. Gore, 51 So.2d 429 (Fla. 1950).
Having determined that Mrs. McGee is an indispensable party, we must now determine the jurisdictional question. This involves interpretation of the trial judge's language which he can best clarify on remand. Motions were filed to dismiss as to the club's directors. The Court's order states:
"As to the named directors, other than the Defendant Demarcillac, who are sued in their individual capacity as well as in the capacity of directors of the corporation, have not yet appeared in the action but from the pleadings and from representation of counsel it does not appear that the directors as individuals were engaging in business in the state of Florida to such an extent as would permit service upon them under the provisions of Sec. 47.30 of the Florida Statutes."
It is thus not clear whether the court did exercise jurisdiction over the nonresident defendants.
We now turn to the question whether it can lawfully exercise jurisdiction over them in this cause. We hold that it can. In Oxley v. Zmistowski, 128 So.2d 186 (Fla.App. 1961), Judge Allen collects the authorities on the subject, including State ex rel. Weber v. Register, 67 So.2d 619 (Fla. 1953), a leading case in which he was counsel for the successful petitioner. The secretary-treasurer and directors of an association of owners of lots in Florida, the co-trustee of a fund for the benefit of its members, are all amenable to the jurisdiction of our courts in a controversy arising out of this matter.
The cause is remanded for further proceedings not inconsistent with this opinion, provided that no decree pro confesso shall *917 be taken against any party without notice to which a copy of this opinion shall be appended.
Reversed and remanded.
LILES, C.J., and HOBSON, J., concur.