# FRED ELLWEIN AND OTHERS v. SUN-RISE, INC., AND OTHERS.
# DOUGLAS A. TAYLOR AND OTHERS, APPELLANTS.

203 N. W. 2d 403.

December 22, 1972—No. 42989.

*Hadlick & Hoedeman, Alfred L. Hoedeman,* and *L. M. Schmidt-huber,* for appellants.

*Gislason, Alsop, Dosland & Hunter* and *James H. Malecki,* for respondents.

Heard before Knutson, C. J., and Peterson, Kelly, and Todd, JJ.

KELLY, JUSTICE.

Several of the individual defendants in this suit appeal from an order denying their motion to dismiss for want of personal jurisdiction.[1] We affirm.

Plaintiffs brought a shareholders' derivative suit against Sun-Rise, Inc., and 9 of its 21 directors alleging that the directors

---

[1] This order is appealable. Hunt v. Nevada State Bank, 285 Minn. 77, 172 N. W. 2d 292 (1969), certiorari denied, 397 U. S. 1010, 90 S. Ct. 1239, 25 L. ed. 2d 423 (1970).

authorized the issuance of stock for a consideration unfair to existing shareholders and in violation of Minn. St. 301.16. Sun-Rise is a Minnesota corporation with its registered office and principal, and only, place of business at Marshall, Minnesota. The only regular employee in Minnesota is a bookkeeper who also acts as the assistant secretary of the company and is primarily responsible for its administrative affairs. Most, if not all, communications with respect to the corporate business between its directors and officers are relayed through the Marshall office or the office of the corporation's general counsel in Minneapolis, Minnesota. Two of the directors sued were residents of Minnesota and no question was raised as to the court's jurisdiction over them, but the nonresidents moved for a dismissal on the grounds that the Minnesota district court did not have personal jurisdiction over them.

The main issue is whether defendant directors "transact any business in the state" which would bring them within the jurisdiction of the district court by virtue of Minn. St. 543.19, subd. 1(b).

The defendants as nonresident directors of the defendant corporation are in a position to direct, manage, and control the manner in which the defendant Minnesota corporation does business within this state. This suit is brought because of the alleged conduct of the nonresident directors acting as directors. While most, if not all, their directors' meetings were held in a number of other states, the home office of the corporation was in Minnesota and this state was the focal point for all communications. If the contention of defendants were to be adopted by this court, it is doubtful that there would be sufficient contacts by all of the defendants in any one state other than Minnesota on which to base jurisdiction under long-arm statutes. The convenience of the parties and judicial economy dictate that we should provide a forum for this lawsuit in Minnesota.

Our decision in this case is consistent with prior decisions and pronouncements on this issue. **The test for jurisdiction is**

whether the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " Hunt v. Nevada State Bank, 285 Minn. 77, 109, 172 N. W. 2d 292, 311 (1969). This court has also pointed out that the long-arm statute was intended to stretch the jurisdiction of our courts over nonresident defendants and foreign corporations "to the maximum limits consistent with due process safeguards." Mid-Continent Freight Lines, Inc. v. Highway Trailer Industries, Inc. 291 Minn. 251, 254, 190 N. W. 2d 670, 673 (1971). As stated in Mid-Continent, the primary factors to be considered in determining whether the taking of jurisdiction in a case would comport with due process are:

"* * * (1) The quantity of the contacts, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action with those contacts, (4) the interest of the forum state in providing a forum, and (5) the convenience of the parties." 291 Minn. 255, 190 N. W. 2d 673.

The fact that defendants may never have entered the state is not decisive. Paulos v. Best Securities, Inc. 260 Minn. 283, 109 N. W. 2d 576 (1961). Neither is it vital that plaintiff be a resident to use the long-arm statute. Mid-Continent Freight Lines, Inc. v. Highway Trailer Industries, Inc. *supra*.[2]

The directors are residents of a number of states and can offer no more convenient forum than Minnesota. As stated by the trial court:

"* * * If defendants do not come under the jurisdiction of this court it would be necessary to institute litigation in each state of residence of the non-resident defendants, namely, New

---

[2] Other courts have found personal jurisdiction over nonresident directors of forum corporations. Lawson v. Baltimore Paint & Chemical Corp. 298 F. Supp. 373 (D. Md. 1969); Indian Lake Club v. Hainsworth, 212 So. 2d 915 (Fla. App. 1968). Cf. Myers v. United States Automobile Club, Inc. 281 F. Supp. 48 (E. D. Tenn. 1968); and Dixon v. Northwestern Nat. Bank of Minneapolis, 275 F. Supp. 582 (D. Minn. 1967).

Hampshire, Wisconsin, Michigan, North Dakota and other states, thus increasing litigation. The books of the company are at the office in Marshall and would be a necessary part of any lawsuit."

Two of the defendants, on the strength of affidavits, assert that they had not been personally served with process contrary to the affidavit or return of service by the sheriff in each instance. The trial judge's denial of the motion to dismiss constitutes a finding of fact that service was made, which does not appear to be clearly erroneous.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.