**Cheryl TUNNELL, Plaintiff,**

v.

**DOELGER & KIRSTEN, INC., a Foreign Corporation, Defendant.**

**No. 6–75–Civ–250.**

United States District Court,
D. Minnesota,
Sixth Division.

Jan. 21, 1976.

Robert J. Sefkow, Rufer, Hefte, Pemberton, Schulze & Sorlie, Fergus Falls, Minn., for plaintiff.

James E. Garrity, Garrity, Cahill, Streed, Grinnell & Jeffries, Moorhead, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

In this products liability/breach of warranty action, defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over the foreign defendant corporation. Subject matter jurisdiction is based upon 28 U.S.C. § 1332.

Plaintiff in this action was injured while she was operating a metal brake press. The injury occurred at plaintiff's place of employment in Wahpeton, North Dakota. The press brake in question was manufactured in 1955 at defendant's plant in Milwaukee, Wisconsin. It further appears that this product was sold outside Minnesota and was not sold to a Minnesota business. Defendant has no distributors in Minnesota, and is not licensed to do business in Minnesota. In short, the only connection which this cause of action has to Minnesota is the fact that plaintiff is a resident of this state.

Plaintiff's assertion that this court has jurisdiction over defendant is based exclusively upon Minnesota's long-arm statute, M.S.A. § 543.19, Subd. 1(b).[1] Plaintiff contends that defendant sells some of its products directly to Minnesota businesses and otherwise "transacts business" in this state. Defendant argues that even if it does transact some business in Minnesota, such transactions, having no connection whatsoever to this cause of action, do not render it subject to personal jurisdiction under the long-arm statute as applied in this lawsuit.

Plaintiff relies upon Minnesota Supreme Court decisions which indicate that M.S.A. § 543.19 is intended to stretch the jurisdiction of Minnesota courts over nonresident defendants to the maximum extent consistent with constitutional limitations. *See, e. g. Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W.2d 292 (1969), *cert. denied*, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d

---

1. *543.19 Personal jurisdiction over nonresidents*

Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any nonresident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

(a) Owns, uses, or possesses any real or personal property situated in this state, or

(b) Transacts any business within the state, or

(c) Commits any tort in Minnesota causing injury or property damage, or

(d) Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if, (1) at the time of the injury, solicitation or service activities were carried on within Minnesota by or on behalf of the defendant, or (2) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within Minnesota in the ordinary course of trade.

Subd. 2. The service of process on any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the summons upon the defendant outside this state with the same effect as though the summons had been personally served within this state.

Subd. 3. Only causes of action arising from acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Subd. 4. Nothing contained in this section shall limit or affect the right to serve any process in any other manner now or hereafter provided by law or the Minnesota Rules of Civil Procedure.

M.S.A. § 543.19.

Service of process was not attempted in this case under Minnesota's other long-arm jurisdictional statute, M.S.A. § 303.13.

423 (1970); *Ellwein v. Sun-rise, Inc.*, 295 Minn. 109, 203 N.W.2d 403 (1973).

Plaintiff argues that defendant's business transactions in this state are sufficient "minimum contacts" to satisfy the due process requirements for in personam jurisdiction over a nonresident defendant. *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Aftanase v. Economy Baler Co.*, 343 F.2d 187 (8th Cir. 1965).

However, plaintiff's argument ignores the express statutory requirement of a nexus between the cause of action asserted and the acts of a nonresident which can confer jurisdiction under the Statute. Subdivision 1 of the Statute refers to "a cause of action *arising from* any acts enumerated in this subdivision . . . ." M.S.A. § 543.19, Subd. 1 (emphasis added). Subdivision 3 states that "[o]nly causes of action *arising from* acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over him is based upon this section." M.S.A. § 543.19, Subd. 3 (emphasis added). The Minnesota Supreme Court cases upon which plaintiff relies do not discuss the statutory requirement that the cause of action must arise from those enumerated acts which confer jurisdiction.

Plaintiff also relies heavily upon the case of *B & J Mfg. Co. v. Solar Indus., Inc.*, 483 F.2d 594 (8th Cir. 1973), which reiterated the standards set forth by the Minnesota Supreme Court in the *Hunt* case, *supra*, and concluded that "it is proper to employ a liberal construction in determining whether the cause of action has arisen from the transaction of business in Minnesota." *B & J Mfg. Co. v. Solar Indus., Inc., supra* at 598. The Court of Appeals for the Eighth Circuit concluded that jurisdiction over the defendant was properly obtained pursuant to M.S.A. § 543.19, Subd. 1(b). However, in that case it was "undisputed that plaintiff's action *arose directly from*" the defendant's sending of certain business-related letters to plaintiffs in Minnesota. *Id.* (emphasis added).

We see no reason to ignore the express statutory requirement that the cause of action asserted must arise from those enumerated acts which can confer jurisdiction. In the instant case, it is clear that plaintiff's cause of action did not arise from any of the alleged acts whereby it is asserted that defendant "transacted business" in Minnesota. We therefore conclude that service of process was not properly made and jurisdiction over defendant has not been obtained pursuant to M.S.A. § 543.19, Subd. 1(b).

It is ordered that defendant's motion to dismiss for lack of in personam jurisdiction over the foreign defendant corporation is granted.