Linda WENDT, by and through her guardian, Bernadine Geiser, a.k.a. Betty Geiser and Daniel Wendt, Appellants,

v.

COUNTY OF OSCEOLA, IOWA, Respondent,

County of Nobles, Minnesota, Respondent.

Michelle DIXON, by her father and natural guardian, Ronald Dixon, and Ronald Dixon, individually, Respondents,

v.

Linda WENDT, Respondent,

County of Osceola, Iowa, Respondent,

County of Nobles, Minnesota, Respondent.

Nos. 49241, 49477.

Supreme Court of Minnesota.

July 27, 1979.

---

Grose, VonHoltum, VonHoltum, Sieben & Schmidt and Douglas E. Schmidt, Worthington, for appellants.

Gislason, Dosland, Malecki, Gislason & Halvorson and C. Allen Dosland, New Ulm, for County of Osceola, Iowa.

Erickson, Zierke, Kuderer, Myster & Wilhelm, Fairmont, for County of Nobles, Minn.

Winzenburg Halloran & Handevidt, Jackson, Berens Rodenberg & O'Connor, New Ulm, for Dixon.

Heard before YETKA, WAHL, and MAXWELL, JJ. and considered and decided by the court en banc.

WAHL, Justice.

Plaintiffs sued Osceola County, Iowa and Nobles County, Minnesota for damages suffered in a one-car accident.[1] The Nobles County District Court granted Osceola County's motion to dismiss for lack of jurisdiction because it found that the county's contacts with the State of Minnesota did not meet the requirements of Minn.St. 543.-19, subd. 1(b) or 1(d) (1976), and that, even if they did, the statute was not designed to permit suit against a municipal corporation of another state. We reverse and remand for trial.

At approximately 11:30 p. m. on August 10, 1977, Linda Wendt, proceeding north on Osceola County Road L–44 with her passenger, Michelle Dixon, drove through the intersection of that road and Nobles County Road No. 52 on the Iowa-Minnesota border. The automobile left the road at the intersection and entered the ditch on the Minnesota side of the road. The Osceola County Road runs north and south and intersects the Nobles County Road in a "T" at the state line, where it comes to a dead end. Traffic must go either east or west on the Nobles County Road, which is one-half in Iowa and one-half in Minnesota. Plaintiffs sued both counties,[2] claiming the accident

---

1. Plaintiffs in one suit are Linda Wendt, by and through her guardian, Bernadine Geiser, a.k.a. Betty Geiser, and Daniel Wendt, and plaintiffs in the other case are Michelle Dixon, by her father and natural guardian, Ronald Dixon, and Ronald Dixon individually. In her action, Mich-

elle Dixon also sued Linda Wendt for negligence. The cases were consolidated for the hearing on Osceola County's motion to dismiss for lack of jurisdiction and for this appeal.

2. Plaintiffs also have actions pending against

was caused by the failure to post adequate signs and barricades. Osceola County and Nobles County have had a road maintenance agreement covering Nobles County Road No. 52 since 1967, but that agreement does not specifically mention posting signs and erecting barricades.

The sole issue raised by this appeal is whether Minnesota residents may assert jurisdiction over an Iowa county pursuant to Minn.St. 543.19, subd. 1 (1976).[3]

■ There is no barrier to asserting personal jurisdiction over Osceola County because of its status as a political subdivision of the State of Iowa. In *Nevada v. Hall,* 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979), the Supreme Court held that a state was not constitutionally immune from suit in the courts of another state. Thus, Osceola County may be sued in the state courts of Minnesota if the requirements of § 543.19, subd. 1, are met.

■ Contrary to Osceola County's contention, the term "any foreign corporation" in § 543.19, subd. 1, includes public as well as private corporations. See *Hardrives, Inc.*

*v. City of LaCrosse,* 307 Minn. 290, 240 N.W.2d 814 (1976), where we upheld jurisdiction over a municipal corporation under § 543.19, subd. 1(b).

We have consistently construed § 543.19 to extend the extra-territorial jurisdiction of this state's courts to the maximum limits consistent with due process. *Hunt v. Nevada State Bank,* 285 Minn. 77, 172 N.W.2d 292 (1969), certiorari denied sub nom. *Burke v. Hunt,* 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970). See, also, *State ex rel. Nelson v. Nelson,* 298 Minn. 438, 216 N.W.2d 140 (1974); *Ellwein v. Sun-Rise, Inc.,* 295 Minn. 109, 203 N.W.2d 403 (1972).

Subdivision 1(c) permits the assertion of jurisdiction over a corporation or individual that "[c]ommits any tort in Minnesota causing injury or property damage . . . ." In *Anderson v. Luitjens,* 311 Minn. 203, 247 N.W.2d 913 (1976), we permitted the assertion of jurisdiction pursuant to this subdivision over an Iowa tavern-keeper who served liquor to a 17-year-old driver who was subsequently involved in an automobile accident in Minnesota. Citing the Restate-

Osceola County in Iowa state and federal courts to protect their cause of action against Osceola County should the district court's decision in this case be affirmed on appeal.

3. Minn.St. 543.19 (1976) provided:

PERSONAL JURISDICTION OVER NON-RESIDENTS. Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

"(a) Owns, uses, or possesses any real or personal property situated in this state, or

"(b) Transacts any business within the state, or

"(c) Commits any tort in Minnesota causing injury or property damage or

"(d) Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if, (1) at the time of the injury, solicitation or service activities were carried on within Minnesota by or on behalf of the defendant, or (2) products, materials or things processed, serviced or manufactured by the defendant were

used or consumed within Minnesota in the ordinary course of trade. * * *"

This subdivision was amended in 1978 to provide:

* · * * * * *

"(c) Commits any act in Minnesota causing injury or property damage, or

"(d) Commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:

"(1) Minnesota has no substantial interest in providing a forum; or

"(2) the burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice; or

"(3) the cause of action lies in defamation or privacy." L.1978, c. 780 § 2.

Because no effective date was specified in the statute, it became effective on August 1, 1978. See Minn.St. 645.02. Thus, the amended version does not apply to this case. If the amended version *did* apply, subdivision 1(c) would not apply, because the alleged negligent acts of Osceola County did not occur in Minnesota. Subdivision 1(d) would apply, however, because the injuries and property damage occurred in Minnesota, and none of the three exceptions applies.

ment, Conflicts of Laws 2d, § 37, we held that the tort was committed in Minnesota because the damage from the alleged tortious conduct resulted in Minnesota, even though the conduct occurred elsewhere. See, also, *Blamey v. Brown,* 270 N.W.2d 884 (Minn.1978), record certified to the United States Supreme Court January 4, 1979.

In the instant case the accident occurred on the Iowa-Minnesota border, and the automobile went into the ditch in Minnesota. In addition, both plaintiffs are Minnesota residents. The alleged tortious conduct was the failure of Osceola County to post adequate warning signs. Under the reasoning we applied in *Anderson v. Luitjens* and *Blamey v. Brown,* the damages from the tortious conduct resulted in Minnesota. Jurisdiction is therefore appropriate under § 543.19, subd. 1(c), if Osceola County has sufficient minimum contacts with the State of Minnesota to satisfy the requirements of due process. The five factors which guide our resolution of this question are: (1) the quantity of the contacts; (2) the nature and quality of the contacts; (3) the source and connection of the cause of action with the contacts; (4) the interest of the state in providing a forum; and (5) the convenience of the parties. *Blamey v. Brown, supra; Anderson v. Luitjens, supra.* Accord, *Aftanase v. Economy Baler Co.,* 343 F.2d 187, 197 (8 Cir. 1965).

Osceola County has one major contact with Minnesota, i. e., the road maintenance agreement with Nobles County. This is not a single, isolated contact but rather a long-standing, continuing agreement. It requires Osceola County to repair and maintain the road on a continuing basis. It was reasonably foreseeable that if the county was negligent in maintaining the road, damages could occur in Minnesota. Both suits alleged that Osceola and Nobles Counties failed to provide adequate signs and barriers. Although not specifically men-

tioned in the road maintenance agreement, providing adequate signs is one part of road maintenance. Thus, the cause of action in this case arose directly from Osceola County's contact with the State of Minnesota.

In addition, Minnesota has a substantial interest in providing a forum in this case. Both plaintiffs are Minnesota residents, and the injuries occurred in Minnesota. Nobles County is a defendant in both suits, and refusal to permit the assertion of jurisdiction would create a multiplicity of suits, as well as the possibility of inconsistent verdicts, and would prevent plaintiffs from suing all defendants in one forum.[4] Finally, Minnesota is a more convenient forum than Iowa because the witnesses and evidence are located here. It is at least as convenient for Osceola County to defend a lawsuit in Nobles County, Minnesota as to defend that same lawsuit in O'Brien County, Iowa, the county to which the Iowa state court suit has been transferred pursuant to Rule 167(a), Iowa Rules of Civil Procedure.[5]

Because of these factors, we find that Osceola County has sufficient contacts with the State of Minnesota to satisfy due process. Thus, the exercise of personal jurisdiction over Osceola County, Iowa, pursuant to Minn.St. 543.19, subd. 1(c), is proper.

Reversed and remanded.

SCOTT, J., took no part in the consideration or decision of this case.

4. Nobles County has been dismissed from the suit pending in Iowa state court, and the suit pending in Iowa federal court may be dismissed for lack of prosecution.

5. Rule 167(a), Iowa Rules of Civil Procedure, provides that if the suit is against the county and the issue is triable by a jury, the adverse party may obtain a change of venue as a matter of right.