SCHANNO TRANSPORTATION,
INC., Respondent,

v.

Cecil SMITH, Appellant.

No. 50887.

Supreme Court of Minnesota.

Nov. 13, 1981.

Watson, Gilsdorf, Jacobberger & Kelley, St. Paul, for appellant.

Chadwick, Johnson & Bridell, Minneapolis, for respondent.

## OPINION

AMDAHL, Justice.

Defendant Cecil Smith appeals from an order of the district court denying his motion to dismiss for lack of personal jurisdiction. We affirm.

Schanno Transportation, Inc., a Minnesota corporation, brought suit to recover damages for cargo loss it incurred as a result of a hijacking near Chicago, Illinois on July 5, 1977, of a truck owned by defendant and leased to Schanno. Smith was a resident and citizen of the State of Iowa engaged in

the trucking business. During 1966 and 1967, the parties entered into a series of contracts whereby Smith leased trucks to, and provided drivers for, Schanno. The leases were negotiated in Spencer, Iowa.

After commencement of the action, the defendant appeared specially to challenge the propriety of this state's exercise of personal jurisdiction over him pursuant to Minn.Stat. § 543.19 (1980).[1]

The district court made its determination upon affidavits filed by the parties and a copy of the lease entered into by the parties.

The defendant maintained that none of the routes governed by the leases passed through Minnesota; that the incident that served as a basis for this dispute occurred in Illinois; that the defendant is not alleged to have committed any wrongful acts in Minnesota or outside of the State of Minnesota that resulted in an injury or property damage in Minnesota; and that he personally had no contact with Minnesota because he did no business, owned no property and did not live within the state. He also asserted that he had commenced an action against Schanno in Iowa, which was pending at the time the Minnesota action was commenced, and that the subject matter of this appeal is a compulsory counterclaim there.

The plaintiff argued that the terms of the contract required the defendant to lease a truck licensed in the State of Minnesota to the plaintiff; that the defendant agreed to accept reimbursement for services rendered to the plaintiff on the basis of schedules maintained by the plaintiff at its Minnesota office; and that the contract especially provided that it "shall be interpreted and construed under the laws of the State of Minnesota and all performances hereunder shall be governed by the laws of the State of Minnesota." Plaintiff further alleged that the defendant had had contacts with the State of Minnesota in the furtherance of his business relationship with the plaintiff and that those contacts are evidenced by the fact that all westbound trips that the leased trucks made for the plaintiff were dispatched from either the plaintiff's St. Paul or New Jersey offices; that approximately 30 percent of all of the leased truck trips for the plaintiff were routed through or into the State of Minnesota;[2] that the defendant received final payment under the leases from the plaintiff by mail from plaintiff's Minnesota office; and that after the loss, the defendant traveled to Minnesota to discuss the loss and further business relationships with the plaintiff.

In denying the defendant's motion to dismiss, the district court found the defendant had contacts with the State of Minnesota in that he leased from[3] the plaintiff a truck that was licensed in Minnesota; he entered into a contract with the plaintiff that was governed by the laws of Minnesota; he made trips on business for the plaintiff into

---

1. Subdivision 1 of Minn.Stat. § 543.19 (1980) provides:

   As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

   (a) Owns, uses, or possesses any real or personal property situated in this state, or

   (b) Transacts any business within the state, or

   (c) Commits any act in Minnesota causing injury or property damage, or

   (d) Commits any act outside Minnesota causing injury or property damage in Minne-

   sota, subject to the following exceptions when no jurisdiction shall be found:

   (1) Minnesota has no substantial interest in providing a forum; or

   (2) the burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice; or

   (3) the cause of action lies in defamation or privacy.

2. The record does not reflect the number of truck leases entered into between the parties, but an affidavit of Cecil Smith states "trips were made generally on a weekly basis."

3. There is no question that the district court erred in this finding. The truck was leased by Smith *to* Schanno, not *from* Schanno.

and through Minnesota; he received final payment for his trips on behalf of the plaintiff from Minnesota; he permitted his leased trucks and drivers to be dispatched on westbound trips from the plaintiff's Minnesota and New Jersey offices; and he met with the plaintiff in Minnesota to discuss the loss at issue in this case and general business relations between the parties.

The district court concluded that the defendant had transacted business in this state within the meaning of Minn.Stat. § 543.19 (1980), that Minnesota had a substantial interest in providing a forum for the plaintiff in the action and finally, that the defendant had sufficient minimum contacts with the state to meet the constitutional due process requirements of fairness and substantial justice.

The issues are: (1) whether the district court erred in concluding that the requirements of Minn.Stat. § 543.19 (1980) were satisfied so as to allow the exercise of jurisdiction over the nonresident defendant and (2) whether plaintiff's claim is a compulsory counterclaim in Iowa pursuant to Iowa Rule of Civil Procedure 29.

This court has indicated that Minn.Stat. § 543.19 should be interpreted broadly to afford maximum protection to the residents of this state suffering loss or injury by acts of nonresidents and that the trial courts should employ a liberal construction in determining whether a cause of action has arisen from the transaction of business in this state. *See Toro Co. v. Ballas Liquidating Co.*, 572 F.2d 1267 (8th Cir. 1978); *B. & J. Mfg. Co. v. Solar Industries, Inc.*, 483 F.2d 594 (8th Cir. 1973), *cert. denied*, 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1974); *State ex rel. Nelson v. Nelson*, 298 Minn. 438, 216 N.W.2d 140 (1974); and *Ellwein v. Sun-Rise, Inc.*, 295 Minn. 109, 203 N.W.2d 403 (1972).

We have held that the primary factors that must be considered in determining whether the exercise of jurisdiction by this state over a nonresident corporation would comport with due process are the quantity of contacts, the nature and quality of the contacts, the source and connection of the cause of action with those contacts, the interest of the forum state in providing a forum and the convenience of the parties. *See Marquette Nat. Bank v. Norris*, 270 N.W.2d 290 (Minn.1978); *Ellwein v. Sun-Rise, Inc.*, 295 Minn. 109, 203 N.W.2d 403 (1972).

The findings of fact of the trial court are supported by the evidence. Given the nature and quality of defendant's contacts with the State of Minnesota, neither fairness nor substantial justice are violated, and the requirements of Minn.Stat. § 543.19 (1980) and due process are met by a determination that the nonresident defendant was subject to the jurisdiction of the Minnesota courts. Furthermore, because Schanno's books, records and witnesses are in Minnesota and the law of that state is to govern the trial, the convenience of the parties can be better served in Minnesota than anywhere else.

The trial court found that plaintiff had not served or filed an answer in the Iowa action and that the parties had reached a tentative agreement to settle that action. Counsel have not specifically challenged that finding or specifically briefed the issue as to a compulsory counterclaim in this court, and on the state of the record we can only accept the trial court's finding and treat the issue of the compulsory counterclaim in the Iowa action as not before us.

Affirmed.

OTIS, Justice (dissenting).

In assuming jurisdiction in this case the trial court, and apparently the majority in this court, relied heavily on a false assumption of fact which in my opinion requires a reversal.

In the order here for review, the first contact with Minnesota which the trial court stressed was stated to be that defendant (Smith) "leased a truck *from* the plaintiff (Schanno) which was licensed in Minnesota." The fact of the matter is that the truck was not owned by plaintiff but was owned by Smith and located in Iowa.

Equally important, defendant has no business located in Minnesota; this lease was negotiated in Spencer, Iowa; the trip in question began in Iowa and ended in Illinois, without at any time passing through Minnesota.

Defendant did not have minimum contacts in Minnesota with respect to the events giving rise to this claim. He had no contacts in Minnesota other than his lease with Schanno. Under such circumstances, in my opinion, the assumption of jurisdiction by Minnesota under a misapprehension of the facts would clearly "violate fairness and substantial justice" and would contravene Minn.Stat. § 543.19 (1980).

I would reverse.

PETERSON, Justice (dissenting).

I join in the dissent of Justice Otis.