LARRY G. SMITH, Judge.
This case presents a rather too-typical example of how family relationships often lead the parties into financial transactions and arrangements, followed by misunderstandings, followed by litigation.
Despite the lengthy and complicated record developed in the course of this proceeding, and the time and effort expended by counsel for both sides, the trial judge, and the attorney who compiled the accounting pursuant to the trial court’s order, we find it necessary to reverse the final judgment with respect to the relief sought in count one of appellee’s complaint, and to reverse also on appellee’s cross-appeal challenging the trial court’s appointment of a trustee to hold and manage appellee’s funds.
In count one, appellee sought recession of a transaction whereby she assigned to appellants the proceeds receivable under an escrow agreement arising out of the sale of real property owned by appellee and her deceased husband. Appellants point out that the money paid under this agreement (amounting to $11,376.00 plus interest) was included in the accounting which reflected a total sum of $55,610.57, representing total deposits in the savings accounts and certificates of deposit in issue in this proceeding. As appellants point out, in the trial court’s written order dated December 11, 1981, the court specifically found that the assignment of this escrow agreement to appellants was valid, and it was ordered that the plaintiff would receive nothing by virtue of this count of the complaint. An accounting was ordered as to the issues *1004 raised by counts three and four, which involved other accounts and transactions. The court entered a final order on November 5, 1982 finding that of the total sum of $55,610.57, the sum of $10,614.50 (which had already been withdrawn by appellants) would be retained by appellants as reimbursement for their care of the appellee during an eight year period, and for their expenditures made on behalf of appellee. The court ordered the remaining balance of $44,996.07 to be turned over to the trustee, to be held, managed and disbursed on behalf of appellee “as the trustee deems necessary.” However, the final order also contains the statement that the order of December 11, 1981, “was final as to count one.”
Appellee offers no explanation for the inconsistency apparent on the face of these orders, except the argument that appellee filed a motion for rehearing or for alteration or amendment of the judgment, and that the November 5, 1982 final judgment represented the court’s response to that motion. We agree with appellee’s contention that the trial court retained the power to amend its order of December 11, 1981 upon appropriate motion being filed. However, the specific ruling in the November 5, 1982 final order which recites that the court’s December 11, 1981 ruling is “final” as to count one, is fatal to appellee’s claim that the court altered its ruling with respect to count one. Appellee does not dispute appellants’ contention that the proceeds of the escrow agreement were included in the sum arrived at by the accounting, viz, $55,610.57, which formed the basis for the trial court’s rulings as to counts three and four of the complaint.
We agree with appellants’ contention that the final order with respect to count one must therefore be reversed, and the cause remanded to the trial judge for rehearing and clarification as to count one in accordance with appellants’ post-judgment motion. We do not reach the -merits as to count one because the court’s rulings on this issue have not been crystalized to the point that we are able to afford meaningful review. See, Indian Lake Club v. Hainsworth, 212 So.2d 915 (Fla. 2nd DCA 1968).
As for appellee’s cross-appeal, we find no basis in the record for the trial court’s order appointing a trustee to hold and manage the funds and accounts found to be due to appellee pursuant to the accounting between the parties. Although we agree that the trial court ruled correctly in imposing a constructive trust on the sums involved (except as we have indicated as to count one), the appointment of a trustee to administer the funds was error. No party sought appointment of a trustee, and the rule is that a beneficiary under a constructive trust is entitled to have his original title restored. Allen v. Tatham, 56 So.2d 337 (Fla.1952); Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (Fla.1927); Johnson v. Johnson, 349 So.2d 698 (Fla. 4th DCA 1977).
AFFIRMED in part, REVERSED in part, and REMANDED to the trial court for further proceedings consistent with this opinion.
WENTWORTH and JOANOS, JJ., concur.