Stanley ZHORNE; Dr. Joseph (Mickey) Mikula; Steven Adler; Lee Siudzinski; and Robert Shipp, Plaintiffs,

v.

John SWAN; Winterizing Systems of America, Inc.; J. David Swan; Jeffrey Benedict; Timothy Carlson; James Rosenthol; Thomas Chevez; Evelyn Gunnell; Cascade Winterizing Systems, Inc.; Swan–Arctic Pros Winterizing, Inc.; and John Does I–V, Defendants.

No. Civ. 3–87–463.

United States District Court, D. Minnesota, Third Division.

Dec. 19, 1988.

Barry G. Reed, Zimmerman, Reed, Minneapolis, Minn., for plaintiffs.

John L. Krenn, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, Minn., for defendants.

## ORDER

DEVITT, District Judge.

Several of the defendants have moved for dismissal on the grounds of lack of personal jurisdiction. Based upon the submitted memoranda, oral argument of counsel and all records, files and proceedings herein, the motion is granted.

### Background

The plaintiffs' complaint is essentially a fraud action. RICO claims, fraud in the inducement, violation of the Minnesota Consumer Fraud Act, and conversion are also alleged. Plaintiffs contend that they were fraudulently induced into purchasing exclusive distribution rights for home winterizing systems from defendants.

### Discussion

Defendant Evelyn Gunnell, Cascade Winterizing Systems, Inc. (Cascade), and Swan–Arctic Pros Winterizing, Inc. (Swan–Arctic) each move for dismissal on the ground that this court lacks personal jurisdiction over them. The arguments of these defendants are examined below.

A. Evelyn Gunnell

Evelyn Gunnell is named as a defendant and is the wife of defendant John Swan. She is alleged to have been a knowing participant in the fraudulent schemes perpe-

trated on plaintiffs and is further alleged to be a participant in John Swan's efforts to conceal his assets. See Complaint at para. 6.

Plaintiffs assert in their answers to defendant's interrogatories that Gunnell is subject to this court's jurisdiction because she is an officer of Winterizing Systems of America (WSA), another of the corporate defendants, and also because Gunnell was present at meetings held in Minnesota with plaintiffs.

Gunnell asserts by way of affidavit that she is and has been a resident of Oregon for 48 years. Gunnell also states that although she has been employed by WSA as its secretary, she has not held a decision-making position in the company. Gunnell states that she owns no property in Minnesota and further states that while she has been to Minnesota and has met plaintiff Zhorne, that the purpose of her visit was to see her daughter and that no representations were made by her to the plaintiffs. Gunnell argues that these contacts are an insufficient basis for jurisdiction over her.

■ For a non-resident to be subject to the jurisdiction of courts in Minnesota, the requirements of Minn.Stat. § 543.19 Subd. 1 must be met. This section provides that for courts to exercise personal jurisdiction over an individual, that individual must be one who:

(a) Owns, uses, or possesses any real or personal property situated in this state, or

(b) Transacts any business within the state, or

(c) Commits any act in Minnesota causing injury or property damage, or

(d) Commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found;

(1) Minnesota has no substantial interest in providing a forum; or

(2) the burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice; or

(3) the cause or action lies in defamation or privacy.

Minn.Stat. § 543.19, Subd. 1. (1986). Plaintiffs carry the burden of proving that there is a basis for assertion of personal jurisdiction over defendants. *Fingerhut Gallery, Inc. v. Stein,* 548 F.Supp. 206 (D.Minn. 1982).

Plaintiffs have not carried their burden of showing, even preliminarily, a basis for assertion of jurisdiction over Gunnell. It is well established that jurisdiction may not be asserted against the officers of a corporation based upon jurisdiction over the corporation itself. *Wegerer v. First Commodity Corp. of Boston,* 744 F.2d 719 (10th Cir.1984). *Cf. Chamfer Engineering, Inc. v. Tapco International, Inc.,* 82 F.R.D. 33 (D.Minn.1979).

The allegation that Gunnell was present at meetings in which alleged misrepresentations were made to plaintiffs is also insufficient to give this court jurisdiction over her. The Minnesota long-arm statute clearly requires a nexus between the contact with the state and the cause of action asserted. *Tunnell v. Doelger & Kirsten, Inc.,* 405 F.Supp. 1338 (D.Minn.1976). Plaintiffs do not assert that while in Minnesota Gunnell acted to perpetrate or assist in the perpetration of the alleged fraud. Similarly, plaintiffs fail to demonstrate any nexus between Gunnell's contacts with Minnesota and their allegation that she assisted her husband in hiding his assets.

Furthermore, even if jurisdiction were found under the Minnesota long-arm statute, it is doubtful that Gunnell's activities in Minnesota would satisfy the "minimum contacts" standard established by *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Consequently, the claims against defendant Gunnell must be dismissed.

**B. The Corporate Defendants**

■ Cascade and Swan–Arctic are two of the corporate defendants named in this case. Plaintiffs assert that this court has personal jurisdiction over these entities because they are sham corporations, created by John Swan for the purpose of protecting

his assets from judgment and evading the jurisdiction of this and other courts. The complaint alleges that these corporations are mere "alter egos" of Swan or members of his family.

An affidavit by defendant John Swan alleges that neither Cascade nor Swan–Arctic is authorized to conduct business in Minnesota or has a resident agent here. Swan asserts that, in fact, no corporation by the name Swan–Arctic Pros Winterizing, Inc. exists. Swan further asserts that Cascade has not had contacts with the State of Minnesota, namely, that it has transacted no business in Minnesota, owns no property in Minnesota, has made no sales in Minnesota and has solicited no business in the state.

Based upon these assertions, defendants argue that the Minnesota long-arm statute and the "minimum contacts" test are not satisfied. Defendants also argue that the alter ego theory asserted by plaintiffs is insufficient to confer jurisdiction over them. In support of these arguments, defendants rely on *Busch v. Mann*, 397 N.W. 2d 391 (Minn.App.1986), in which the court found that the plaintiff carries the burden of showing a relationship between the corporate entities which justifies disregarding the corporate form.

In response, plaintiffs indicate that their efforts to conduct discovery in this case have been forestalled by defendant Swan, making the demonstration of the required relationship difficult. See Affidavit of John F. Stockman. Plaintiffs also question the veracity of Swan's affidavit, based on his evasive behavior in pre-trial discovery.

While the reported actions of defendant Swan constitute an abuse of the discovery process, there is no need in this case to provide plaintiffs the opportunity for discovery before ruling on defendants' motion to dismiss. From the court's examination of the relevant authorities, the theory of jurisdiction forwarded by plaintiffs is unsupported. The only case cited by plaintiff in support of its alter ego theory, *Fehl v. S.W.C. Corp.*, 433 F.Supp. 939 (D.Del. 1977), is inapposite. The court in *Fehl* considered when it is appropriate to find jurisdiction over a successor corporation which had legitimately acquired the assets and business of another corporation. In addition, in *Fehl* the successor corporation conducted business in the state in which the action was brought. Plaintiffs urge this court to rely on this singular opinion to hold that this court has personal jurisdiction over corporations which have no contacts with the forum state if that corporation is allegedly being used to shield fraudulently obtained assets. The court finds no basis for assertion of personal jurisdiction under these circumstances in the Minnesota long-arm statute or the authority provided. Furthermore, such a ruling would fail to satisfy the "minimum contacts" test of *International Shoe*. Defendant's motion is granted.

Accordingly, IT IS ORDERED THAT this action be dismissed as to defendants Evelyn Gunnell, Cascade Winterizing Systems, Inc. and Swan–Arctic Pros Winterizing, Inc.