## BRANSTROM & ASSOCIATES, INC. v. COMMUNITY MEMORIAL HOSPITAL AND ANOTHER.

209 N. W. 2d 389.

June 15, 1973—No. 43793.

*Rischmiller & Wasche* and *John E. Wasche,* for appellant.
*O'Brien, Doherty, Hoium & Lamm* and *Donald H. Lamm,* for respondents.

Heard before Knutson, C. J., and Otis, Todd, and MacLaughlin, JJ.

PER CURIAM.

Plaintiff appeals from an order of the district court dismissing his cause of action without prejudice for lack of jurisdiction under the Minnesota "long-arm" statute.[1] We affirm.

The facts are presented to this court by a statement of proceedings pursuant to Rule 110.03, Rules of Civil Appellate Procedure. This statement provides as follows:

"Following the filing of its Answer to Plaintiff-Appellant's Complaint, Defendant[-]Respondent moved for an Order dismissing Plaintiff-Appellant's cause of action on the ground that the Minnesota Court did not have jurisdiction.

"This action arises out of a contract entered into between the parties above named wherein the Plaintiff-Appellant was engaged by the Defendant-Respondent to perform architectural services in connection with the remodeling of an existing building and the erection of a two-story addition as well as the construction of a ramp connecting the Defendant Hospital with a medical clinic in Hettinger, North Dakota. The Plaintiff-Appellant is an architectural firm with its offices located in Minneapolis, Minnesota.

"The written contract entered into by and between the parties was dated July 24, 1967 and executed in Hettinger, North Dakota on August 2, 1967. (See contract attached to Affidavit of Betty Svihovec, Vice-president of Defendant corporation.)

"Certain documentary evidence and affidavits were filed in

---

[1] It is doubtful that an order dismissing a cause of action without prejudice, granted upon motion of a defendant, is appealable under Rule 103.03, Rules of Civil Appellate Procedure. However, the order dismissing plaintiff's cause of action in the case at bar is final as to its right to bring this action in Minnesota and, in effect, is a dismissal with prejudice so far as plaintiff's rights in this state are concerned. We therefore elect to consider the matter under our discretionary powers of review.

support of and in opposition to Defendant-Respondent's motion.

"The parties to this action were aware of the fact that a substantial portion of the services rendered by the Plaintiff-Appellant under the contract would be performed in Minnesota and in excess of fifty per cent (50%) of the services performed by the Plaintiff-Appellant were in fact performed in Minnesota. (See Affidavit of Earl E. Branstrom.)

"In a meeting in Hettinger, North Dakota, on May 2, 1968 between the parties preliminary decisions were discussed relating to obtaining approval of plans and specifications from the State Health Department and revision and updating of plans and matters relating to the acceptance or rejection of bids as well as the possible payment of the architect's travel expenses to and from bid letting. Defendant-Respondent requested that the substance of the meeting be reduced to writing and forwarded an acknowledgment certificate from Hettinger, North Dakota to the Plaintiff-Appellant in Minneapolis, Minnesota for Plaintiff-Appellant's signature in Minneapolis. (See letter from C. L. Melby, president of Community Memorial Hospital to Earl E. Branstrom dated May 2, 1968.) As requested by Defendant-Respondent, Plaintiff-Appellant executed the acknowledgment in Minneapolis and forwarded an executed copy to the Defendant-Respondent at Hettinger, North Dakota.

"Defendant-Respondent authorized the Plaintiff-Appellant to consult with and work in conjunction with Picker X-ray, North Central Corporation of Minneapolis in preparation of the layout of the proposed X-ray room. (See letter from Defendant-Respondent to Plaintiff-Appellant dated July 3, 1968.) Pursuant to Defendant-Respondent's letter, the Plaintiff-Appellant did consult with Picker X-ray in Minneapolis, Minnesota in preparation of the layout of the X-ray room for Defendant Hospital. (See affidavit of Earl E. Branstrom dated April 3, 1972.)

"The above stated facts are not controverted by any affidavits on the part of the Defendant-Respondent. The Defendant-Re-

spondent generally denies having carried on any activities within the State of Minnesota.

"On April 27, 1972, the Honorable Tom Bergin entered an Order finding that the Minnesota Court does not have jurisdiction and dismissed Plaintiff-Appellant's action without prejudice."

From the facts presented, we are faced with a situation where a Minnesota seller seeks to obtain jurisdiction in Minnesota over a nonresident buyer under the provisions of the Minnesota long-arm statute.[2] Service of process was made pursuant to Minn. St. 303.13, and the defendants make no objection to the manner of service but contend that the Minnesota court has no jurisdiction to hear the lawsuit.

Our court in the case of Fourth Northwestern Nat. Bank of Minneapolis v. Hilson Industries, Inc. 264 Minn. 110, 117 N. W. 2d 732 (1962), speaking through Mr. Justice Otis, traced the history of long-arm statutes in the United States and Minnesota. In that case we distinguished the application of the statute as applied to the activities of nonresident sellers and tortfeasors on the one hand and nonresident buyers on the other. We quoted with approval the following language from Waltham Precision Instrument Co. v. McDonnell Aircraft Corp. 203 F. Supp. 539, 541 (D. Mass. 1962):

"* * * The general tendency of courts to require less in the way of sales activity to bring a foreign corporation within the jurisdiction of a state has not been accompanied by any parallel lessening of requirements as to purchasing activities."

The facts of this case establish no basis for declining to apply the principles enunciated in Fourth Northwestern Nat. Bank of Minneapolis, and accordingly we affirm.

Affirmed.

---

[2] Minn. St. 543.19.