## NORTHERN STATES PUMP & SUPPLY CO. v. MELVIN BAUMANN.

249 N. W. 2d 182.

December 30, 1976—No. 46548.

*Dorsey, Windhorst, Hannaford, Whitney & Halladay* and *Craig A. Beck,* for appellant.

*O'Brien, Ehrick, Wolf, Deaner & Downing* and *Terence L. Maus,* for respondent.

Considered and decided by the court without oral argument.

PETERSON, JUSTICE.

Plaintiff, a Minnesota resident, commenced an action for breach of contract against defendant, a North Dakota resident,

who was served with process in North Dakota, in personam jurisdiction being asserted under this state's long-arm statute, Minn. St. 543.19, subd. 1(b).[1] Defendant challenged jurisdiction on both constitutional and statutory grounds and appeals from an order denying his motion to dismiss. The issue presented is whether the defendant has transacted business in this state, within the meaning of § 543.19, subd. 1(b), and with "minimum contacts" such that the exercise of in personam jurisdiction over him does not offend due process.

The facts essential to determination of this issue are undisputed. Plaintiff, Northern States Pump & Supply Co., is a Minnesota corporation, with headquarters in Rochester. Defendant, Melvin Baumann, is a resident of North Dakota. In March 1974, defendant, while on personal business in Minnesota, conducted general inquiries as to the feasibility of leasing or purchasing a well-drilling rig. Chicago Pneumatic Tool Company in Minneapolis was one company contacted by defendant for this purpose. Defendant thereafter returned to North Dakota. Subsequently, a sales representative of Chicago Pneumatic telephoned defendant at his home in Ashley, North Dakota, expressing the company's interest in doing business with him and inviting him to come to Rochester, Minnesota, to meet one of Chicago Pneumatic's distributors and to inspect the machinery. Accordingly, defendant drove to Rochester, Minnesota, and met with representatives of Chicago Pneumatic and its distributor, plaintiff, Northern States Pump & Supply Co. Defendant inspected the

---

[1] Minn. St. 543.19, subd. 1(b), provides: "Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

\* \* \* \* \*

"(b) Transacts any business within the state, \* \* \*."

well-drilling equipment and the parties negotiated the terms of the lease agreement. In Rochester that same day, April 28, 1974, defendant and plaintiff entered into the lease agreement. Defendant paid by check the first installment of rent and the purchase price of certain supplies which totaled $6,528.58. Defendant then drove the well-drilling equipment to North Dakota. The lease agreement required defendant to pay the monthly rent at plaintiff's place of business in Rochester and also required defendant to prepay the return transportation charges to Rochester, Minnesota.

After alleged difficulties with the equipment, defendant made no further rental payment and returned the equipment to Rochester on July 24, 1974.[2] Plaintiff brought action to recover rent due under the contract, damages for certain missing or damaged equipment, and payment for certain goods sold to defendant.

The exercise of in personam jurisdiction requires compliance with both due process and statutory constraints. See, All Lease Co. Inc. v. Betts, 294 Minn. 473, 199 N. W. 2d 821 (1972). Due process establishes minimum standards. States are free to impose more stringent ones. Perkins v. Benquet Consol. Min. Co. 342 U. S. 437, 72 S. Ct. 413, 96 L. ed. 485 (1952); Aftanase v. Economy Baler Co. 343 F. 2d 187, 190 (8 Cir. 1965). In construing Minn. St. 543.19, subd. 1(b), we first note that sales or leasing activity is without dispute the sort of activity which falls within the rubric of "transacts any business." To determine what more the statute requires, we look to the standards of due process for guidance. Numerous Minnesota cases have described the purpose of this state's long-arm statutes as being the assertion of in personam jurisdiction over nonresidents to the maximum extent consistent with due process. See, e. g., Ellwein v. Sun-Rise, Inc. 295 Minn. 109, 203 N. W. 2d 403 (1972) (applying Minn. St. 543.19). In one of its most recent statements to that effect,

---

[2] By what manner defendant returned the equipment, personally driving it or otherwise shipping it, is not stated.

this court said: "* * * If defendant's activities in Minnesota are extensive enough so that due process requirements are satisfied, then the statute authorizes the exercise of personal jurisdiction." American Pollut. Prev. Co. v. National Alf. D. & M. Co. 304 Minn. 191, 194, 230 N. W. 2d 63, 65, certiorari denied, 423 U. S. 894, 96 S. Ct. 193, 46 L. ed. 2d 126 (1975) (applying Minn. St. 303.13).

Despite these characterizations of the Minnesota long-arm statute as being coextensive with the reach of due process, defendant argues that the exercise of jurisdiction over him offends both due process and the more exacting standards of Minn. St. 543.19, subd. 1(b), as applied by this court to nonresident-buyer defendants. He argues that this court in sustaining jurisdiction over nonresident buyers requires more substantial contacts with this forum than are necessary to support jurisdiction over a nonresident seller. As authority for this proposition, defendant cites Fourth N. W. Nat. Bank v. Hilson Industries, Inc. 264 Minn. 110, 117 N. W. 2d 732 (1962), and contends that it is factually similar to the instant case and therefore dispositive.

Hilson was decided on due process grounds and not statutory construction grounds, thus it does not establish that the Minnesota long-arm statute imposes more stringent requirements than does due process. This court in Hilson reiterated and applied the same requirement of "minimum contacts" as the test of due process requires. The case does not suggest that a different standard of due process is applied to nonresident-buyer defendants than is applied to nonresident sellers. Hilson and subsequent cases controlled by it[3] do distinguish between nonresident buyers and sellers. In Hilson, we quoted the following (264 Minn. 116, 117 N. W. 2d 735):

"'* * * The general tendency of courts to require less in the way of *sales* activity to bring a foreign corporation within the

[3] See, e. g., Marshall Egg Transp. Co. v. Bender-Goodman Co. Inc. 275 Minn. 534, 148 N. W. 2d 161 (1967); Branstrom & Associates, Inc. v. Community Memorial Hosp. 296 Minn. 366, 209 N. W. 2d 389 (1973).

jurisdiction of a state has not been accompanied by any parallel lessening of requirements as to *purchasing* activities.' (Italics supplied.) Waltham Precision Inst. Co. v. McDonnell Aircraft Corp. (D. Mass.) 203 F. Supp. 539, 541."

This distinction, however, merely goes to the difference in nature and quality of the contacts of a buyer and those of a seller. International Shoe Co. v. Washington, 326 U. S. 310, 319, 66 S. Ct. 154, 160, 90 L. ed. 95, 104 (1945), established that compliance with due process cannot be measured mechanically by counting contacts: "* * * Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." The contacts of a seller characteristically represent commercial profit and may be accompanied by advertising and other solicitation in an attempt to develop a market in the forum state. One purchase, particularly if by mail order, may be an isolated transaction without commercial profit and accompanied by no incidental activities such as characteristically accompany a sale.

In Hilson, we agreed with the defendant's assertion that the exercise over it of in personam jurisdiction under Minn. St. 303.13 constituted a denial of due process. We stated (264 Minn. 118, 117 N. W. 2d 736):

"* * * The only connection with Minnesota in this case, however remote, is the fact that the notes are payable here. This situation arises out of an effort by the nonresident defendant to accommodate plaintiff. Fixing the place of payment at plaintiff's business residence is hardly the kind of commercial benefit to defendant that must be balanced by a countervailing capitulation to jurisdiction under § 303.13. For these reasons we believe that less than the minimum contacts required by 'traditional notions of fair play and substantial justice' have been here proved."

In the instant case there is significantly more connection with

this forum than merely a requirement that payment is to be made in Minnesota. It likewise involves more contacts than the subsequent cases controlled by Hilson.[4] Thus these cases are not by their facts dispositive. Rather, we must apply the test evolved from a long line of cases in which courts have sought to give content to the United States Supreme Court's proscription that:

"'* * * [D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U. S. 310, 316, 66 S. Ct. 154, 158, 90 L. ed. 95, 102 (1945).

From cases decided by the United States Supreme Court subsequent to International Shoe, the Eighth Circuit in Aftanase v. Economy Baler Co. 343 F. 2d 187, 197 (8 Cir. 1965), abstracted five factors, which this court has adopted, to be applied to determine whether the requisite minimum contacts exist. See, e. g., Northwestern Nat. Bank v. Kratt, 303 Minn. 256, 226 N. W. 2d 910 (1975). These factors are: (1) the quantity of the contacts; (2) the nature and quality of the contacts; (3) the source and connection of the cause of action with those contacts; (4) interest of the forum state; and (5) convenience. The Eighth Circuit found that the United States Supreme Court had viewed the first three factors as most significant and had given the fourth and fifth factors "mention." Aftanase v. Economy Baler Co. *supra.* An application of these guidelines to the present case supports the conclusion that assertion of in personam jurisdiction over the defendant is consistent with due process.

*The quantity of contacts:* Defendant, during his initial visit

---

[4] See, Marshall Egg Transp. Co. v. Bender-Goodman Co. Inc. *supra;* Branstrom & Associates, Inc. v. Community Memorial Hosp. *supra.* Compare, Kropp Forge Co. v. Jawitz, 37 Ill. App. 2d 475, 186 N. E. 2d 76 (1962).

to Minnesota, made inquiries about the well-drilling rig. He made a subsequent visit to Minnesota to inspect the machinery, at which time he entered into a lease agreement and paid the first installment of rent. He took possession of the equipment here. He returned the equipment to this state.

*The nature and quality of the contacts:* The defendant is a nonresident individual purchaser. However, this was not the mail-order purchase of a small item, but rather the lease of a substantial piece of equipment at a rent of $6,000 per month. The contract described the property as being worth $122,933. The defendant could foresee that the failure to return it in its original condition or the failure to make the rent payments would cause consequences in Minnesota. There is no evidence that the plaintiff ever went to North Dakota, ever advertised or conducted a sales campaign there, or had other leased property there. It was the defendant who approached the plaintiff in this matter. He picked the equipment up in Rochester and returned it there. He cannot be surprised by the plaintiff's expectation that he answer, in Minnesota, for any problems with it. By his acts in Minnesota, defendant availed himself of the privilege of conducting business activities within this forum, "thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U. S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. ed. 2d 1283, 1298 (1958).

*Relationship of contacts and cause of action:* Plaintiff's suit to recover unpaid rent and other damages and defendant's claim of breach of warranty arose out of the contract executed by defendant in Minnesota.

*Interest of the forum:* Minnesota obviously has an interest in providing a forum for a resident allegedly wronged.

*Convenience:* Nothing in the record suggests any hardship on defendant should he be required to defend in Minnesota. Furthermore, the equipment has been returned to this state, thus evidence important to the resolution of various claims, including breach of warranty and failure to return all the equipment, is located here.

This case does not raise the spectre, discussed in dicta in Hilson and its progeny, of a mail-order purchaser forced to defend in a foreign jurisdiction which he had never visited. Defendant's contacts with Minnesota are numerous and closely tied to the cause of action. The assertion of in personam jurisdiction over the defendant comports with traditional notions of fair play and justice and with Minn. St. 543.19, subd. 1(b).

Affirmed.