**Bruce J. WEBBER, Appellant,**

v.

**John MICHELA, etc., et al., Appellees.**

**No. 80–1375.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 23, 1980.

Decided Oct. 28, 1980.

William J. Scott, Atty. Gen. of Illinois, Herbert Lee Caplan, First Asst. Atty. Gen., State of Ill., Chicago, Ill., Nicholas E. Sakellariou, Corporation Counsel, City of Joliet, Joliet, Ill., for appellees; Karen Konieczny, Asst. Atty. Gen., Chicago, Ill., of counsel.

Bruce J. Webber, pro se.

Before LAY, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Appellant Bruce J. Webber filed a complaint in the United States District Court for the District of Minnesota, alleging that defendants deprived him of his civil rights, in violation of 42 U.S.C. §§ 1983 and 1985 (1976). Webber sought declaratory and injunctive relief, as well as $1,000,000 in damages. The lawsuit stemmed from an allegedly illegal search of a package belonging to Webber. Appellant asserted that defendant John Michela, a judge of the Twelfth Judicial District, Kankakee County, Illinois, and defendants Frederick Hafner, William Fitzgerald, and Clifford Erwin, three Joliet, Illinois, police officers,

deprived appellant of his rights by unlawfully issuing and executing a search warrant.

Appellees moved to dismiss the action for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief could be granted. The district court dismissed the action for failure to state a claim, and awarded appellees $500 in attorneys' fees and costs. Webber appeals both the dismissal and the award of litigation expenses. Because we find that the court did not have personal jurisdiction over the defendants, we affirm the dismissal, but vacate the decision on the merits and the award of expenses.

A plaintiff must establish personal jurisdiction through the procedures set forth in Rule 4 of the Federal Rules of Civil Procedure. When defendants are not located within the forum state, plaintiff can obtain jurisdiction in the manner prescribed by the state in which the district court is located. Fed.R.Civ.P. 4(e), (f). In this case, jurisdiction over nonresidents might have been available under the Minnesota long-arm statute. Minn.Rev.Stat. § 543.19 (1978). This statute confers jurisdiction to the full extent permissible under the United States Constitution. *Toro v. Ballas Liquidating Co.*, 572 F.2d 1267, 1269 (8th Cir. 1978); *Marquette National Bank v. Norris*, 270 N.W.2d 290, 294 (Minn.1978); *Northern States Pump & Supply Co. v. Baumann*, 311 Minn. 386, 249 N.W.2d 182, 184 (1976).

To invoke jurisdiction under the long-arm statute, appellant needed to show sufficient "minimum contacts" between the defendants and the forum state such that the assertion of personal jurisdiction by the district court in Minnesota would not offend due process. The appellant, however, failed to do so. None of the defendants either resided or conducted business in Minnesota. The acts complained of by Webber—the issuance of the search warrant, the execution of the warrant, the search of the package, and the arrest of the appellant—all occurred in the State of Illinois. Further, Webber himself resided in Illinois at the time of his arrest. The only contact that defendants had with the forum state occurred when the police officers testified in Minnesota at Webber's criminal trial. The record, therefore, does not show sufficient contacts to establish personal jurisdiction over the defendants in federal district court for the District of Minnesota. *See World-Wide Volkswagen Corp., et al. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 565, 62 L.Ed.2d 490 (1980); *Rush v. Savchuck*, 444 U.S. 320, 100 S.Ct. 571, 577, 62 L.Ed.2d 516 (1980).

Because we believe that the district court was without personal jurisdiction over the defendants, we affirm the dismissal of the action. This dismissal, however, is without prejudice. Because we decide the case on jurisdictional grounds and reach no decision on the merits, we believe that the award of attorneys' fees and costs has become inappropriate and, therefore, vacate that award.

Affirmed in part and vacated in part.