646 F.2d 1296
 Bruce J. WEBBER, Appellant,
v.
Robert RYSAVY, individually and as well as in his official
capacity as investigator for the Minnesota Bureau of
Criminal Apprehension; Sergeant Jerrie Seibert, individually
and as well in his official capacity as sergeant for the
Winona Police Department, Winona, Minnesota; and their
agents and employees, Appellees.
 No. 80-1922.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 28, 1981.
Decided May 4, 1981.
 
 Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Minn., Howard S. Marker, Minneapolis, Minn., for appellees.
 Bruce J. Webber, pro se.
 Jon P. Parrington, Howard S. Marker & Associates, Minneapolis, Minn., for respondents Sergeant Jerry Seibert and City of Winona.
 Warren R. Spannaus, Atty. Gen., State of Minnesota, Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Minn., for appellee Robert Rysavy.
 Before GIBSON, Senior Circuit Judge, and BRIGHT and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bruce J. Webber, an inmate of Minnesota's Stillwater Prison, was convicted of the murder of Shirleen Howard. On appeal the Minnesota Supreme Court affirmed his conviction. See State v. Webber, 292 N.W.2d 5 (Minn.1980). Thereafter Webber brought suit pursuant to 42 U.S.C. §§ 1983 and 1985 against an Illinois judge and Illinois law enforcement authorities for alleged deprivation of his civil rights primarily in connection with the issuance and execution of a search warrant preceding his arrest. We affirmed the Minnesota federal district court's dismissal of the suit for lack of personal jurisdiction over the Illinois defendants. See Webber v. Michela, 633 F.2d 518 (8th Cir. 1980) (per curiam ).
 
 
 2
 Webber then commenced this pro se action against Robert Rysavy, an employee of the Minnesota Bureau of Criminal Apprehension, and Jerrie Seibert, a sergeant with the Winona, Minnesota, police department. In his complaint Webber sought injunctive, declaratory, and monetary relief against Rysavy and Seibert for their allegedly illegal participation in two searches preceding his arrest.[1] Webber claimed that Rysavy and Seibert, as Minnesota law enforcement authorities, acted "in a clear absence of jurisdiction" when they participated in searches outside Minnesota.
 
 
 3
 Following discovery proceedings both Rysavy and Seibert moved for summary judgment.[2] Rysavy submitted a supporting affidavit, stating that in August 1977, he and Seibert had taken part in the investigation of the murder of Shirleen Howard and that in the course of this investigation they had traveled to Joliet, Illinois, at the request of local law enforcement authorities. According to the affidavit, Joliet police procured warrants to open a package mailed to Webber and to search Webber's residence in Rockdale, Illinois. On August 25, the package was opened at the United States Post Office in Joliet, Illinois. This search was conducted prior to the arrival of Rysavy and Seibert in Illinois. On August 26, Joliet police officers executed the warrant authorizing the search of Webber's Rockdale residence. Although Rysavy and Seibert assisted in searching the premises, neither of them discovered or seized any of the items taken from Webber's home. Every item seized was taken by Officer William Fitzgerald of the Joliet police department and then retained in the department's custody until Webber's pretrial suppression hearing.[3]
 
 
 4
 Webber failed to respond to Rysavy's affidavit. The district court sua sponte dismissed Webber's complaint for lack of jurisdiction on the ground that his claims were frivolous. We construe the district court's memorandum and order as granting appellees' motion for summary judgment and affirm.
 
 
 5
 We have carefully reviewed the record before us, including Webber's complaint, his "memorandum of points and authorities in support of his complaint," and his brief on appeal with appended excerpts from transcripts of state-court proceedings.[4] These documents, together with Rysavy's affidavit, raise no material issues of fact. Neither Rysavy nor Seibert participated in the search at the Joliet post office. Neither Rysavy nor Seibert procured or executed the warrant authorizing the search of Webber's home.
 
 
 6
 These undisputed facts entitle Rysavy and Seibert to judgment as a matter of law. See Fed.R.Civ.P. 56(c). The mere participation of Rysavy and Seibert in the search of Webber's home violated no constitutional right of Webber. Law enforcement authorities of one jurisdiction may constitutionally cooperate with those of another jurisdiction in a warranted search of common investigative interest. See generally United States v. Sellers, 483 F.2d 37, 43-44 (5th Cir. 1973), cert. denied, 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212 (1974).
 
 
 7
 We therefore hold that the district court properly granted summary judgment in favor of Rysavy and Seibert on all counts of Webber's complaint, and, accordingly, affirm the district court's judgment of dismissal.
 
 
 
 [1]
 Webber also alleged that Seibert acted as cocounsel to the county attorney in his criminal trial and tampered with evidence during that trial
 
 
 [2]
 In the alternative, Seibert moved to dismiss Webber's complaint for failure to state a claim
 
 
 [3]
 Rysavy's affidavit notes that Webber waived all objections to the search of his house at his pretrial suppression hearing
 
 
 [4]
 In addition, we have examined the two search warrants issued by Will County Circuit Judge Michela which are attached to Rysavy's affidavit