**STATE of Minnesota, Appellant,**

v.

**CONTINENTAL FORMS, INC., et al., Respondents.**

**No. CX–84–631.**

Court of Appeals of Minnesota.

Oct. 23, 1984.

Hubert H. Humphrey, III, Atty. Gen., Neil F. Scott, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for appellant.

Larry D. Espel, Popham, Haik, Schnobrich, Kaufman & Doty, Minneapolis, for respondents.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant State of Minnesota appeals the order of the trial court granting respondents' motion to dismiss the complaint for lack of personal jurisdiction. We reverse.

## FACTS

Appellant State of Minnesota sued Continental Forms, Inc. and each of its corporate officers individually to compel payment of delinquent sales and withholding taxes. Liability of the individual officers was based on Minn.Stat. §§ 297A.01, subd. 2, and 290.92, subds. 1(4) and 6(7) (1982) which impose primary liability on corporate officers for the payment of sales and withholding taxes due the State of Minnesota.

Continental Forms, Inc., a Texas foreign corporation, was engaged in the sale of business and computer products in Minnesota from May 1980 through August 1981. Continental operated a sales office in Minneapolis and on July 21, 1980, applied for a Minnesota tax identification number. The officers of Continental, as listed on the tax identification number application form, included respondents Charles J. Fuhr, secretary, Jack M. Freeman, treasurer, and Richard D. Neely, vice-president.

From December 1980 through September 1981, Continental incurred Minnesota sales and withholding tax liabilities of $46,660.42 tax, $5,537.32 penalty and $830.42 interest. The State of Minnesota commenced an action against Continental and each of the corporate officers individually on June 14, 1982 to recover the amount due. Continental filed a petition for bankruptcy and is currently engaged in a Chapter 11 proceeding in the United States District Court for the Northern District of Oklahoma.

On March 14, 1984, the trial court dismissed respondents Charles J. Fuhr, Jack M. Freeman and Richard D. Neely, corporate officers and residents of Texas, Kansas and Oklahoma. The court ruled these respondents lacked necessary minimum contacts with the State of Minnesota to permit personal jurisdiction. The State appeals from this order pursuant to Minnesota Rule of Civil Appellate Procedure 103.-03(e).

## ISSUE

Do respondents have sufficient minimum contacts with the State of Minnesota for a Minnesota state court to exercise personal jurisdiction?

## ANALYSIS

1. Personal jurisdiction is sought pursuant to Minn.Stat. § 543.19 (1982), the Minnesota long-arm statute, which permits the exercise of personal jurisdiction over a nonresident individual if that individual:

   (a) Owns, uses, or possesses any real or personal property situated in this state, or

(b) Transacts any business within the state, or

(c) Commits any act in Minnesota causing injury or property damage, or

(d) Commits any act outside Minnesota causing injury or property damage in Minnesota * * *.

*Id.*

■ The long-arm statute is construed to confer personal jurisdiction to the maximum extent consistent with due process. *Marquette National Bank v. Norris,* 270 N.W.2d 290, 294 (Minn.1978).

■ 2. It is well settled that "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny." *Shaffer v. Heitner,* 433 U.S. 186, 212, 97 S.Ct. 2569, 2584, 53 L.Ed.2d 683 (1977). A state may exercise jurisdiction over an absent defendant only if the defendant has "certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted).

3. The respondents had no personal contact with the State of Minnesota. The claimed connection with the state is the status of respondents as officers of a corporation having contacts with the state.

Appellant relies on the recent decision *Calder v. Jones,* —— U.S. ——, 104 S.Ct. 28, 77 L.Ed.2d 1450 (1984), for support of its claim of jurisdiction. In *Calder,* the United States Supreme Court held that two Florida residents, employees of the National Enquirer magazine, were properly subject to jurisdiction in California in a lawsuit for libel by a California resident, entertainer Shirley Jones. The court noted that although an employee's contact with a state are not to be judged by his employer's activities there, the status of the employees as employees does not insulate them from jurisdiction. The court found that the employees were primary participants in an alleged intentional tort directed at a California resident and that jurisdiction was proper.

■ 4. Personal jurisdiction over officers and directors of a corporation cannot be predicated merely upon jurisdiction over the corporation. *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 929 (6th Cir.1974); *see Miller & Rhoads v. West,* 442 F.Supp. 341, 343–44 (E.D.Va.1977). The burden is on the plaintiff, the State of Minnesota, to prove the minimum contacts necessary to satisfy due process. *Sausser v. Republic Mortgage Investors,* 269 N.W.2d 758, 761 (Minn.1978). At the pretrial stage, however, only a prima facie showing of Minnesota-related activities is necessary. *Hardrives, Inc. v. City of LaCrosse,* 307 Minn. 290, 293, 240 N.W.2d 814, 816 (1976).

■ Minn.Stat. §§ 297A.01, subd. 2 and 290.92, subds. 1(4) and 6(7) impose primary liability upon corporate officers for corporate sales and withholding taxes. The liability imposed by the statute is similar to the federal statute and consistent with the traditional legal concept regarding the responsibility of corporate officers. The listing of respondents on the tax identification number form as corporate officers coupled with the primary liability of corporate officers presents a prima facie showing of minimum contacts. *See generally Vikse v. Flaby,* 316 N.W.2d 276, 282–83 (Minn.1982).

## DECISION

The State of Minnesota made a prima facie showing of minimum contacts by respondents with the State. The order of the trial court dismissing the complaint against respondents for lack of personal jurisdiction is reversed.

Reversed.