**STATE of Minnesota by Hubert H. HUMPHREY, III, its Attorney General, Respondent,**

v.

**COLUMBIA PACIFIC UNIVERSITY and Richard L. Crews, Appellants.**

**No. C5-84-990.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Tracy R. Eichhorn-Hicks, Meshbesher, Singer &. Spence, Ltd., Minneapolis, for appellants.

Heard, considered and decided by FOLEY, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

The Minnesota Attorney General sought to enjoin Columbia Pacific University ("C.P.U.") and Crews, its president, from doing business in the state. C.P.U. filed a complaint against the attorney general in federal court, asserting that the state had no personal jurisdiction over it. The federal court remanded the case to the district court, which denied C.P.U.'s motion to dismiss. We granted discretionary review to determine the personal jurisdiction issue, and now affirm.

## FACTS

Columbia Pacific University is an institution regulated by California law which confers post-secondary degrees to students across the United States through a complex extension program. Each student is assigned a "mentor" who oversees the education of the student. The "mentor," under C.P.U.'s rules, may not reside in the same state as the student.

C.P.U. advertises in magazines that have national circulation, but does not advertise in any periodicals written specifically for a Minnesotan audience. C.P.U. does have contractual obligations with a number of Minnesotans, both as students and as "adjunct faculty" members.

Minnesota law requires institutions of higher learning which offer courses to Minnesota residents to register with the Minnesota Higher Education Coordinating Board ("MHECB"). The purpose of the registration requirement is to protect Minnesota residents by ensuring that institutions which offer courses to Minnesota residents meet certain financial and educational guidelines. In 1980, C.P.U. was contacted

by MHECB and the attorney general's office and advised that it would have to register with and gain the approval of MHECB or cease doing business in the state. While continuing to claim MHECB had no jurisdiction to require it to register, C.P.U. filed with the MHECB, but failed to gain approval. After C.P.U. requested reconsideration, MHECB affirmed its decision. C.P.U. then initiated a contested case proceeding pursuant to Minn.Stat. §§ 14.57–62 and 136A.65, subd. 2 (1982), but later withdrew its application for registration and approval. When C.P.U. continued to do business in the state, this action was filed.

## ISSUE

May Minnesota courts exercise personal jurisdiction over C.P.U. under the long-arm statute consistent with due process requirements?

## ANALYSIS

 Minnesota Statutes § 543.19 (1982), the long-arm statute, authorizes the exercise of jurisdiction over a non-resident defendant only to the extent allowed by the due process requirements of the United States Constitution. *See, e.g., Vikse v. Flaby,* 316 N.W.2d 276, 281 (Minn.1982) (citing *Toro Co. v. Ballas Liquidating Co.,* 572 F.2d 1267, 1269 (8th Cir.1978) ); *Rostad v. On-Deck, Inc.,* 354 N.W.2d 95 (Minn.Ct. App.1984); *State v. Continental Forms, Inc.,* 356 N.W.2d 442 (Minn.Ct.App.1984). Due process requires that, in order to be subjected to the jurisdiction of the forum state, a non-resident defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the supreme court clarified this language, finding it "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* at 253, 78 S.Ct. at 1240. "Purposeful availment" is present when a defendant "invoke[s] both the benefits and the protections of the forum state's laws." *West American Insurance Co. v. Westin,* 337 N.W.2d 676, 680 (Minn. 1983).

In two recent decisions, the United States Supreme Court has "attempted to slow the inexorable expansion of jurisdiction in state courts." *Id.,* at 678. After *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), and *Rush v. Savchuk,* 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980),

> "the critical focus in any jurisdictional analysis must be on 'the relationship among the defendant, the forum and the litigation' * * * This tripartite relationship is defined by the defendant's contacts with the forum *state*, not by the defendant's contacts with *residents* of the forum."

*West American,* 337 N.W.2d at 679, *quoting Rush,* 444 U.S. at 327 (citations omitted) (emphasis in original).

 Here, C.P.U. has advertised in national publications it knew would likely be distributed in Minnesota. It entered into contracts with Minnesota residents which, because of the nature of a student-teacher relationship, entailed more than "unilateral activity" on the part of the Minnesota residents. *See World-Wide Volkswagen,* 444 U.S. at 298. The contracts were formed in Minnesota and required continual communication between the Minnesota residents and C.P.U., tuition payments to C.P.U. were made from Minnesota, and paychecks to resident faculty were sent to Minnesota. Because resident faculty are in some respects representatives of C.P.U., C.P.U. exercises continuing authority over them. C.P.U. obtains economic benefit from its contracts with Minnesota residents, and legal benefits in the sense that, were a dispute to arise over payments by the Minnesota resident party to the contract, C.P.U. would be entitled to the benefit of the Minnesota court system to recover its mon-

ey. Minnesota residents, whether mentors or students, could use Minnesota courts to litigate their claims.

By promoting its educational program in Minnesota, C.P.U. has invoked the benefits and protections of Minnesota's laws. It "purposefully availed" itself of the opportunity to do business in Minnesota, and should have reasonably anticipated that its acts would have consequences in Minnesota. *See World-Wide Volkswagen,* 444 U.S. at 297. To allow C.P.U. to avoid Minnesota registration because of lack of personal jurisdiction would be to allow C.P.U. to profit from having students nationwide while insulating itself from accountability for its educational program in any state but California. *See Rostad,* 354 N.W.2d at 97.

## DECISION

Minnesota courts may properly exercise personal jurisdiction over C.P.U.

Affirmed.