**Alfred J. JANSSEN, Appellant,**

v.

**Larry JOHNSON, et al., Timothy Jay Stanley, et al., Respondents.**

No. C8–84–1213.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Linda Theis, Minneapolis, for Alfred J. Janssen.

Robert T. Stich, Minneapolis, for Larry Johnson, et al.

William D. Flaskamp, Minneapolis, for Timothy Jay Stanley, et al.

Heard, considered, and decided by FOLEY, P.J., and NIERENGARTEN and WOZNIAK, JJ.

## OPINION

FOLEY, Judge.

Appellant Alfred Janssen, Jr. appeals the trial court's dismissal of his complaint due to the lack of personal jurisdiction.

## FACTS

Respondents Larry and Patricia Johnson bought a bar in Prescott, Wisconsin, a town near the Minnesota-Wisconsin border. Under previous ownership, the bar had been known as "Bud's Bar," and the previous owner advertised in Minnesota newspapers to attract Minnesota patrons. Under the Johnsons' ownership it is known as the "Riverboat Junction." Johnson never advertised in Minnesota newspapers but advertised in the local Prescott newspaper. Johnson did not try to attract Minnesota customers but knew that some patrons were Minnesota residents due to the borderline location of the tavern. Johnson's only contacts with Minnesota involved: (1) the regular purchase of some supplies from St. Paul Bar and Restaurant; (2) the purchase of tables from St. Paul Bar and Restaurant during a remodeling; (3) hiring Minnesota attorneys in connection with this case.

On February 19, 1979, Alfred Janssen, Jr., Timothy Jay Stanley, and others were served alcoholic beverages by employees of Riverboat Junction. After leaving Riverboat Junction, the vehicle operated by Timothy Stanley was involved in an automobile accident on Highway 10 in Dakota County, Minnesota, injuring several passengers including Janssen.

## ISSUE

Did respondents have the constitutionally required minimum contacts with Minnesota

to permit Minnesota to exercise personal jurisdiction over them?

## ANALYSIS

■ Appellant alleges that respondents had sufficient contacts with the state of Minnesota to authorize the exercise of personal jurisdiction over it. Minnesota interprets its long arm statute, Minn.Stat. § 543.19 (1982), to extend personal jurisdiction in its courts to the limits of the due process clause of the fourteenth amendment. *Mid-West Medical, Inc. v. Kremmling Medical-Surgical Associates,* 352 N.W.2d 59, 60 (Minn.Ct.App.1984) (citing *Toro Co. v. Ballas Liquidating Co.,* 572 F.2d 1267, 1269 (8th Cir.1978)). Due process requires sufficient minimum contacts between the nonresident defendant and the forum state so that the exercise of jurisdiction complies with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). *See Helicopteros Nacionales de Columbia, S.A. v. Hall,* —— U.S. ——, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

■ Foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the due process clause. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980). Instead, defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court there. *Id.* at 297, 100 S.Ct. at 567. When a corporation "purposefully avails itself of the privilege of conducting activities within the forum state," it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers or, if the risks are too great, severing its connection with the state. *Id.* at 297, 100 S.Ct. at 567, (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). But the mere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the require-

ment of contact with the forum state. *Hanson* at 253, 78 S.Ct. at 1239.

■ To determine jurisdiction over nonresidents, Minnesota uses the five part test developed in *Aftanase v. Economy Baler Co.,* 343 F.2d 187, 197 (8th Cir.1965). The test investigates: (1) the quantity of contacts; (2) the nature and quality of contacts; (3) the source and connection of those contacts to the cause of action; (4) the interest of the forum state; and (5) the convenience of the parties. The first three factors are the primary focus. *Rostad v. On-Deck, Inc.,* 354 N.W.2d 95 (Minn.Ct. App.1984).

The Minnesota Supreme Court also specifically discussed jurisdiction over border state liquor vendors in *West American Insurance Co. v. Westin, Inc.,* 337 N.W.2d 676, 678 (Minn.1983). In *West American,* the sole contact between the tavern and Minnesota was a hearsay allegation that Minnesota Highway Patrol officers, if called as witnesses, would testify that 75% of young people who drink and have traffic problems in the vicinity of the accident had been drinking at that Wisconsin tavern.

In discussing its decision not to confer jurisdiction, the court overruled two earlier cases which conferred jurisdiction over out of state liquor vendors, *Blamey v. Brown,* 270 N.W.2d 884 (Minn.1978), *cert. denied,* 444 U.S. 1070, 100 S.Ct. 1013, 62 L.Ed.2d 751 (1980) and *Anderson v. Luitjens,* 311 Minn. 203, 247 N.W.2d 913 (1976). In those two cases, the Minnesota court upheld personal jurisdiction over border state liquor vendors for three reasons: (1) the consequence of the sale of liquor, i.e., an accident in Minnesota, was foreseeable by the defendant; (2) Minnesota's "strong interest" in providing a forum for injured Minnesota plaintiffs; and (3) the short distances involved vitiated any inconvenience to the defendants.

In *West American,* the Minnesota court rejected this rationale, stating that the United States Supreme Court in *World Wide Volkswagen* had expressly rejected as a basis for jurisdiction the type of "fore-

seeability" considerations that were central in *Blamey* and *Anderson.* The Minnesota court emphasized the Supreme Court's desire to slow the inexorable expansion of jurisdiction in state courts by underlining the significance of territoriality. *West American* at 678–679.

This is a closer case than *West American.* The respondents maintain contact with Minnesota through the purchase of some supplies from St. Paul. The majority of the supplies for the bar are purchased through a Wisconsin distributor. Infrequently, Johnson purchases supplies from St. Paul Bar and Restaurant. The linens are delivered from a linen service in St. Paul. The critical question is whether quality of this contact is sufficient to determine the Johnsons purposely avail themselves of the benefits and protections of Minnesota law. *Dent-Air, Inc. v. Beech Mountain Air Service Inc.*, 332 N.W.2d 904, 907 (Minn.1983).

An isolated purchase of goods from a Minnesota seller by a nonresident is not enough to confer jurisdiction. *Leoni v. Wells*, 264 N.W.2d 646, 647 (Minn.1978). Likewise, nonpurposeful and nondeliberate behavior does not invoke jurisdiction *even where there was a form of contact with the forum. West American* at 680. In *Dent-Air*, the Minnesota court did not grant jurisdiction where an out of state lessee of three airplanes was not an active or aggressive party in creating the first lease transaction and took delivery of aircraft outside Minnesota. Neither did a four year agreement for the sale of 6,000 railroad car parts involving numerous shipments to Minnesota constitute sufficient contacts to confer jurisdiction. *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309 (8th Cir.1982). In contrast, jurisdiction was granted over an out of state manufacturer that distributes its products through a nationwide distributor with representatives in Minnesota. *Rostad v. On-Deck, Inc.*, 354 N.W.2d 95 (Minn.Ct. App.1984). *State v. Columbia Pacific University*, 357 N.W.2d 359 (Minn.Ct.App., 1984), in which we granted jurisdiction, is

distinguishable from the case before us because the university had resident faculty in Minnesota.

Here, a decisive fact is that Johnson never advertised in Minnesota newspapers after he purchased the bar. Johnson did not actively solicit Minnesota patrons.

The appellate courts need not defer to the trial court in reviewing questions of law. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977). However, to overturn the trial court in this case would not be in keeping with *West American,* nor with the concern for territoriality the U.S. Supreme Court evinced in *World-Wide Volkswagen.* Since Johnson's contacts with Minnesota were so limited, the Minnesota court should not have jurisdiction.

### DECISION

We affirm.