Robert WAITE, et al., Appellants,

v.

Rush M. WAITE, Respondent.

No. C5–85–286.

Court of Appeals of Minnesota.

May 14, 1985.

Gunder Gunhus, Moorhead, for appellants.

David S. Maring, Moorhead, for respondent.

Considered and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This suit arose from an automobile accident that occurred in North Dakota and involved two North Dakota residents. Appellant and respondent remain residents of North Dakota, but appellant successfully served respondent in Minnesota.

Appellant said in an affidavit that respondent had resided and attended school in Minnesota before the accident. Appellant also stated in the affidavit that respondent owned a construction company which was licensed to collect sales tax in Minnesota, maintained Minnesota worker's compensation insurance and had done business in Minnesota and North Dakota.

The trial court granted respondent's motion to dismiss for lack of personal jurisdiction under Minn.R.Civ.P. 12.02. We affirm.

## DECISION

▪ We must assume the truth of facts alleged by the plaintiff when reviewing an order to dismiss for lack of personal jurisdiction. *Hunt v. Nevada State Bank,* 285 Minn. 77, 82–83, 172 N.W.2d 292, 296–97 (1969), *cert. denied sub nom. Burke v. Hunt,* 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970). The lower court's conclusions of law do not bind this court. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.,* 260 N.W.2d 579, 582 (Minn.1977).

▪ The exercise of personal jurisdiction over a non-resident must meet both statutory and constitutional requirements. *Kreisler Manufacturing Corp. v. Homstad Goldsmith, Inc.,* 322 N.W.2d 567, 569–70 (Minn.1982).

▪ Minn.Stat. § 543.19, subd. 1, 3 (1984) provide that certain contacts connected with Minnesota establish personal jurisdiction, but only for "causes of action arising from" those contacts. The cause of action here is totally unrelated to respondent's contacts with Minnesota. Consequently, the statutory requirement was not met.

▪ Moreover, respondent's contacts with Minnesota must comport with due process. *Dent-Air, Inc. v. Beech Mountain Air Service, Inc.,* 332 N.W.2d 904, 906–07 (Minn.1983). Respondent's earlier contacts unrelated to the cause of action do not justify the exercise of personal jurisdiction under the "fair play and substantial justice" standard of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

▪ To test personal jurisdiction, the focus is on "the relationship among the defendant, the forum, and the litigation." *Rush v. Savchuk,* 444 U.S. 320, 327, 100 S.Ct. 571, 577, 62 L.Ed.2d 516 (1980), *quoting Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). The connection of contacts with the litigation is one factor in the five part test used in Minnesota for investigating jurisdiction

of Minnesota courts. *Janssen v. Johnson,* 358 N.W.2d 117, 119 (Minn.Ct.App.1984).

Appellant's reliance on *Nielsen v. Braland,* 264 Minn. 481, 119 N.W.2d 737 (1963) is misplaced. The plaintiff in *Nielsen* was a Minnesota resident; both parties here are North Dakota residents.

Since neither statutory nor constitutional requirements for personal jurisdiction were met, we affirm the trial court's order to dismiss.

Affirmed.