**WALKER AND COMPANY, LTD., Respondent,**

v.

**Vincent J. LAWRENCE, Appellant.**

**No. C9–87–1333.**

Court of Appeals of Minnesota.

Dec. 8, 1987.

Review Denied Feb. 12, 1988.

Bruce P. Grostephan, Peterson, Engberg & Peterson, Minneapolis, for respondent.

Dale M. Wagner, Maher J. Weinstein, Moss & Barnett, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and FOLEY and LANSING, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

This action arises out of the purchase of computer software by respondent Walker and Company, Ltd., a Minnesota corporation, and the alleged failure of the software to perform as represented in product brochures prepared by appellant Vincent J. Lawrence. Respondent purchased computer software from Analysts International Corporation (AIC), also a Minnesota corporation. AIC is a distributor for Automated Quill, Inc. (AQI), a Colorado corporation. Respondent, AIC and AQI are parties to a separate lawsuit regarding respondent's claim that the software does not operate as represented.[1]

Respondent commenced this action against appellant, president of AQI, alleging appellant participated in the preparation of a product brochure which misrepresented the capabilities of the software. Appellant moved for dismissal on the ground of lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. The trial court denied the motion. On appeal, appellant argues his contacts with Minnesota were extremely limited and were conducted as an agent of AQI, rather than in his individual capacity. We affirm.[2]

## FACTS

In January 1980, AQI and AIC entered into a written distributorship agreement. Under the terms of the agreement, AIC agreed to act as a nonexclusive agent for the sale of software products developed by AQI. The agreement also provides it is to

---

1. Respondent's motion to consolidate this case and *Analysts International Corp. v. Walker & Co., Ltd.,* Hennepin County No. 784407 is currently pending.

2. Appellant moves to strike 121 pages of the 125 page deposition of Vincent J. Lawrence taken on March 6, 1985 in the action of *Analysts International Corp. v. Walker & Co., Ltd.* As respondent's motion for consolidation has not yet been granted, appellant's deposition is not part of the record in this case. Only four pages of the deposition were considered by the trial court and, therefore, are properly before this court. We may not base our decision on matters outside the record on appeal, but instead must decide this case solely upon evidence actually produced at the trial court. *Plowman v. Copeland, Buhl & Co., Ltd.,* 261 N.W.2d 581, 583 (Minn.1977). Therefore, the 121 pages of Lawrence's deposition that were not part of the trial court's original file in this case are hereby stricken from the record. We note, however, in no event does exclusion of the 121 pages of appellant's deposition change the result of this case.

be interpreted in accordance with Colorado law.

Appellant is the president of AQI. Appellant and other AQI employees prepared a product brochure advertising software made by AQI, entitled "Multi-Terminal MINI–MIZ for CPA Firms," which was distributed to Minnesota businesses for the purpose of soliciting sales of the software.

AIC sold respondent software for use in respondent's certified public accounting business. Product brochures were provided to respondent. Respondent contends it relied upon the brochures in purchasing the software and the brochures contained misrepresentations concerning the capabilities of the software.

Appellant has never owned, used or possessed any real or personal property situated in Minnesota. Appellant does not maintain a bank account, mailing address or telephone listing within the State of Minnesota. However, appellant's affidavit states "[h]e has been to Minnesota only once in connection with his business dealing with the Walker Company. The trip, which was made in 1980, kept him in Minnesota for two days." Appellant asserts his visits to Minnesota were made, not in an individual capacity but in the capacity of an employee of AQI for the exclusive benefit of AQI and upon the authorized instructions of the executive committee of AQI.

### ISSUE

Did the trial court err by determining appellant had sufficient minimum contacts with Minnesota so as to constitutionally exercise personal jurisdiction over him?

### ANALYSIS

Initially, we note orders granting or denying pretrial motions for lack of jurisdiction are constitutionally appealable of right. *See Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W.2d 292 (1969), *cert. denied sub nom., Burke v. Hunt*, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970).

■ The exercise of personal jurisdiction over a nonresident defendant requires compliance with appropriate state legislation enacted to provide the court with jurisdiction and the exercise of jurisdiction under the circumstances which do not offend the due process clause of the United States Constitution. *David M. Rice, Inc. v. Intrex, Inc.*, 257 N.W.2d 370, 372 (Minn.1977); *see Leach v. Curtis of Iowa, Inc.*, 399 N.W.2d 656, 658 (Minn.Ct.App.1987). Respondent has the burden of showing the minimum contacts necessary to satisfy due process exist. *Leach*, 399 N.W.2d at 659.

■ The portion of the Minnesota long-arm statute applicable to this case authorizes the exercise of personal jurisdiction if appellant:

> (a) Owns, uses, or possesses any real or personal property situated in this state, or
>
> (b) Transacts any business within the state, or
>
> (c) Commits any act in Minnesota causing injury or property damage, or
>
> (d) Commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:
>
> (1) Minnesota has no substantial interest in providing a forum; or
>
> (2) the burden placed on the defendant by being brought into the state's jurisdiction would violate fairness and substantial justice;

Minn.Stat. § 543.19, subd. (1) (1986). Minnesota considers the following factors in determining the constitutional sufficiency of a defendant's contacts:

> (1) the quantity of contacts;
>
> (2) the nature and quality of contacts;
>
> (3) the source and connection of those contacts to the cause of action;
>
> (4) the interest of the forum state; and
>
> (5) the convenience of the parties.

*See Dent-Air, Inc. v. Beech Mountain Air Service, Inc.*, 332 N.W.2d 904, 907 (Minn. 1983) (applying the five-factor test set forth in *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir.1965)). The first three factors are the primary focus. *Ros-*

tad v. On-Deck, Inc., 354 N.W.2d 95, 98 (Minn.Ct.App.1984).

### 1. Quality of Contacts.

██ A nonresident's contacts with the forum state, not with residents of the forum state, determine whether minimal contacts exist. *West American Insurance Co. v. Westin, Inc.,* 337 N.W.2d 676, 679 (Minn.1983). Here, appellant's contacts with the forum are minimal. Accepting respondent's allegations as true, appellant was in Minnesota on at least two occasions. Appellant came to AIC's office to present various software products and he loaded those products on AIC's computer. Appellant also came to Minnesota after the software had been installed and respondent could not get it to work properly.

### 2. Nature and Quality of Contacts.

██ When the quantity of contacts is minimal, as in this case, the nature and quality of the contacts becomes dispositive. *Marquette National Bank v. Norris,* 270 N.W.2d 290, 295 (Minn.1978). In examining the nature and quality of appellant's contacts with the forum, we must determine whether appellant purposefully availed himself of the benefits and protections of Minnesota law. *Dent-Air,* 332 N.W.2d at 907. Minnesota courts have found "purposeful availment" when the nonresident defendant's acts within the state would enable him to "reasonably anticipate being haled into court" in the forum state. *Janssen v. Johnson,* 358 N.W.2d 117, 119 (Minn.Ct.App.1984).

In *Rostad,* the supreme court held a manufacturer who places products in the stream of commerce and profits from the sale of such products is subject to personal jurisdiction in the state where the product caused the accident. *Id.* at 99. In *State by Humphrey v. Columbia Pacific University,* 357 N.W.2d 359 (Minn.Ct.App.1984), we held the nonresident university, by promoting its educational program in Minnesota, invoked the benefits and protections of Minnesota's laws. As a result, it purposefully availed itself of the opportunity to do business in Minnesota and should have reasonably anticipated that its acts would have consequences in Minnesota. *Id.* at 362. In *Northern States Pump & Supply Co. v. Baumann,* 311 Minn. 368, 249 N.W.2d 182 (1976), a nonresident defendant came to Minnesota to inquire about the feasibility of leasing or purchasing a well-drilling rig. The *Baumann* court found the defendant "could foresee that the failure to return it in its original condition or the failure to make rent payments would cause consequences in Minnesota." *Id.* at 374, 249 N.W.2d at 186.

### 3. Source and Connection of Contacts to the Cause of Action.

We must also consider the relationship between the contacts with the forum and the cause of action. *Stangel v. Rucker,* 398 N.W.2d 602, 605 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. March 13, 1987). By preparing the product brochure, appellant made representations that attracted the attention of respondent in Minnesota. Respondent entered into the contract for the purchase of the software as a result of the product brochure. Appellant came to Minnesota to demonstrate the software and to repair the software when respondent was having trouble with it.

Appellant asserts he is immune from liability because he was only acting as an agent of AQI and not in his individual capacity. However, Minnesota law holds agents liable for their own fraudulent representations. *Sullivan v. Ouimet,* 377 N.W.2d 24, 27 (Minn.Ct.App.1985) (citing *Sawyer v. Tildahl,* 275 Minn. 457, 148 N.W.2d 131 (1967)).

### 4. Interest of Forum State.

The cause of action in this case is fraud or misrepresentation. In *Baumann,* the supreme court found the State of Minnesota has an obvious interest in providing a forum when Minnesotans are allegedly wronged. *Id.* 311 Minn. at 374, 249 N.W.2d at 186. As respondent is a Minnesota corporation, Minnesota has an obvious interest in providing a forum in this case.

5. *Convenience of the Parties.*

Respondent has moved the Hennepin County District Court to consolidate this case with the action against AIC and AQI, which is presently pending. Appellant has opposed respondent's motion. Appellant will have to be present in Minnesota for respondent's action against AIC and AQI. The same facts, theories of law, witnesses and testimony will be involved in both actions. The only additional issue is whether appellant should be personally liable for his actions. Thus, appellant will not suffer any inconvenience if personal jurisdiction is exercised over him in this case.

■ We hold the assertion of personal jurisdiction over appellant comports with traditional notions of fair play and justice and with Minn.Stat. § 543.19.

### DECISION

Affirmed.